SCHOOL DISTRICT NO. 8 OF SHERMAN COUNTY, NEBRASKA, APPELLEE, v. STATE BOARD OF EDUCATION, A BODY CORPORATE, ET AL., APPELLANTS.

127 N. W. 2d 458

Filed April 3, 1964. No. 35592.

Clarence A. H. Meyer, Attorney General, and Gerald S. Vitamvas, for appellants.

Wilson & Barlow and Benjamin C. Neff, Jr., for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is a suit to enjoin the State Board of Education and the Commissioner of Education from enforcing an order disapproving the high school of School District No. 8 of Sherman County for the collection of free high

school tuition money as provided in section 79-328, R. S. Supp., 1961. The trial court held the statute to be unconstitutional and entered judgment in favor of School District No. 8. The State Board of Education and the Commissioner of Education have appealed.

For convenience we shall hereafter refer to the State Board of Education as the state board, the Commissioner of Education as commissioner, and School District No. 8 of Sherman County as school district.

Pursuant to the authority granted by section 79-328, R. S. Supp., 1961, rules and regulations were adopted and issued by the commissioner on January 5, 1960, prior to the happening of the events herein detailed. On February 2, 1962, the school district was informed that the state board would, on February 13, 1962, consider the recommended disapproval of Rockville High School, the high school here involved, for free high school tuition money, and invited the attendance of the members of the board of the school district at the hearing. The hearing was held with the representatives of the school district in attendance. On February 14, 1962, the school district was informed that Rockville High School had been disapproved by the state board for the 1962-1963 school year for the collection of free high school tuition money for failure to maintain the high school in accordance with the rules and regulations issued by the commissioner. On April 16, 1962, this suit was commenced.

The school district contends that section 79-328 (5) (c), R. S. Supp., 1961, is unconstitutional in that it is an invalid delegation of legislative authority and power to an administrative agency. This section provides that the state board shall have the power and it shall be its duty to "(c) establish rules and regulations based upon the program of studies, guidance services, the number and preparation of teachers in relation to the curriculum and enrollment, instructional materials and equipment, science facilities and equipment, library facilities and materials, health and safety factors in buildings and

grounds, and procedures for classifying, approving, and accrediting schools, for approving the opening of new schools, for the continued legal operation of all schools, and for the approval of high schools for the collection of free high school tuition money in accordance with the rules and regulations provided for in this subdivision; Provided, that the State Board of Education shall approve a school for the collection of free high school tuition money where a hardship would result to the students and a substantial effort is being made to comply with the rules and regulations established, * * *."

The law appears to be well settled that the Legislature may properly delegate authority to an executive or administrative agency to formulate rules and regulations to carry out the expressed legislative purpose, or to implement such expressed purpose in order to provide for the complete operation and enforcement of the statute. The purpose of the delegation of authority ordinarily must be limited by express standards which have the effect of restricting the actions of the agency to the expressed legislative intent. In State ex rel. Martin v. Howard, 96 Neb. 278, 147 N. W. 689, this court approved the following: "In order to justify the courts in declaring invalid as a delegation of legislative power a statute conferring particular duties or authority upon administrative officers, it must clearly appear beyond a reasonable doubt that the duty or authority so conferred is a power that appertains exclusively to the legislative department, and the conferring of it is not warranted by the provisions of the constitution. * * * Authority to make rules and regulations to carry out an expressed legislative purpose, or for the complete operation and enforcement of a law within designated limitations, is not an exclusively legislative power. Such authority is administrative in its nature, and its use by administrative officers is essential to the complete exercise of the powers of all the departments." See, also, State v. At-

lantic Coast Line R. R. Co., 56 Fla. 617, 47 So. 969, 32 L. R. A. N. S. 639.

The difference between a delegation of legislative power and the delegation of authority to an administrative agency to carry out the expressed intent of the Legislature and the details involved has long been a difficult and important question. Increased complexity of our social order, and the multitude of details that necessarily follow, has led to a relaxation of the specific standards in the delegating statute in favor of more general ones where a specialized state agency is concerned. It is almost impossible for a legislature to prescribe all the rules and regulations necessary for a specialized agency to accomplish the legislative purpose. The delegation of authority to a specialized department under more generalized standards has been the natural trend as the need for regulation has become more evident and complex. Bloemer v. Turner, 281 Ky. 832, 137 S. W. 2d 387. See, also, 73 C. J. S., Public Administrative Bodies and Procedure, § 29, p. 322.

The Constitution provides: "There is hereby established a State Department of Education which shall be comprised of a State Board of Education and a Commissioner of Education. The State Department of Education shall have general supervision and administration of the school system of the state and of such other activities as the Legislature may direct." Art. VII, § 14, Constitution of Nebraska. It is provided by Article VII, section 15, Constitution of Nebraska, however, that the powers and duties of the state board shall be prescribed by the Legislature. The Legislature has done this and fixed the area in which the state board shall operate by section 79-328, R. S. Supp., 1961. The general supervision and administration of the school system of the state by the State Department of Education is thereby a constitutional grant of power dependent only upon implementing legislative action. In dealing with the powers of the state superintendent of public instruction

under a similiar constitutional provision in the Kansas Constitution, the Kansas court said: "Realizing that many questions pertaining to educational matters naturally would arise, and which would need the attention of a competent official who could investigate and determine what is best to be done, our constitution gave to the superintendent of public instruction 'the general supervision of the * * * educational interests of the state,' and specifically authorized him to 'perform such other duties as may be prescribed by law,' without limiting those duties to such as might be classified as executive or administrative only. He is authorized to perform any duties pertaining to the educational interests of the state which the legislature deems wise and prudent to impose upon him. Under these provisions it cannot be said that the legislature is without authority to authorize the state superintendent of public instruction to perform duties, or determine questions, with respect to the educational interests of the state which, in the general classification of powers of government, would be regarded as legislative in character. * * * However, his action was within the purview of the statutes, above cited, and as we have seen, our constitution authorizes the legislature to impose upon him such duties as it deemed best pertaining to the educational interests of the state." State ex rel. Rosenstahl v. Storey, 144 Kan. 311, 58 P. 2d 1051.

In School District v. Callahan, 237 Wis. 560, 297 N. W. 407, 135 A. L. R. 1081, the court said: "It follows under the principles thus established ever since the decision in State ex rel. Moreland v. Whitford, supra, that the provision in sec. 40.30 (1), Stats., authorizing the state superintendent by his order to attach districts to contiguous districts was not an unconstitutional delegation of legislative power to that officer; and, furthermore, that the exercise of this power is a matter involving public instruction and therefore the delegation thereof to the state superintendent cannot be held to be in violation of the provision in sec. 1, art. X, Wis. Const., that 'the

supervision of public instruction shall be vested in a state superintendent.' On the contrary the delegation of the power and the exercise thereof are consistent with that provision. Likewise, as under the principles stated above, no standard whatever need be prescribed in delegating the power in question, the absence of any other standard excepting in so far as the provision as to valuation limits the exercise of the power to districts having valuations of less than $100,000, cannot be deemed to render the statute invalid. Neither are appellants' contentions that the provision does not provide a standard which is germane to the purposes of the act, and, therefore, does not afford a proper basis for classification, material in these cases."

In dealing with the same subject the Missouri court said: "Article II of the present Constitution divides the power of government into the legislative, executive and judicial departments and provides that no person or collection of persons charged with the exercise of power properly belonging to one of those departments shall exercise any power properly belonging to either of the others, *except in the instances in this Constitution expressly directed or permitted.*' (Italics ours.) The legislative power is vested in a senate and house of representatives by Art. III, Sec. 1. Since the State Board of Education is a constitutional board with duties defined by the Constitution and 'shall have other powers and duties as may be prescribed by law,' it follows that the state legislature can confer on that board duties that are legislative in character as distinguished from those classified as executive or administrative only. Such duties would come within the exception of Art. II of the Constitution." State ex rel. Reorganized School Dist. v. Holmes, 360 Mo. 904, 231 S. W. 2d 185. We are in accord with the reasoning of the foregoing opinions and, in our judgment, whether or not the power granted is legislative or administrative is of no importance if it is within the scope of the Legislature's implementing

legislation. The intent of Article VII, section 14, of the Constitution, was to confer powers upon the state board, which it did not and could not previously have. If this is not so there would have been no purpose in adopting it as an amendment to the Constitution in 1952. The Legislature was already authorized to delegate administrative authority to the state board and the constitutional grant of the general supervision and administration of the school system of the state, and such other activities as the Legislature may direct, necessarily included authority by the Legislature to grant purely legislative power if it was to have any added meaning at all. The constitutional amendment was a grant of legislative power within the exception contained in Article II, section 1, of the Constitution, providing: "* * * and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted."

Contrary to the contentions of the school district, we think the delegation of authority by the Legislature contains adequate descriptive terms. Complaint is made that there are no restricting words such as "all in accordance with sound educational practices." But we point out that subdivision (5) (c) of section 79-328, R. S. Supp., 1961, specifies the matters to be considered in promulgating rules and regulations which are limiting in effect and confine them within the grant of power contained in Article VII, section 14, of the Constitution. Standards are not required in the constitutional grant of legislative power.

We conclude that subdivision (5) (c) of section 79-328, R. S. Supp., 1961, is not violative of Article II, section 1, Constitution of Nebraska. We hold also that the delegation of power by the Legislature to the State Department of Education pursuant to Article VII, section 14, of the Constitution, is adequately described, and that said section 79-328, R. S. Supp., 1961, is not so vague,

ambiguous, and indefinite as to be unconstitutional.

The school district contends that subdivision (5) (c) of section 79-328, R. S. Supp., 1961, is unconstitutional and void in that it contains no provision for notice and hearing. It is not disputed that no provision for notice and hearing is contained in section 79-328, R. S. Supp., 1961. Nor is it disputed that such section provides for action by the state board which would deprive the school board of free high school tuition money. It is a familiar rule that a statute which does not provide for notice and hearing to those whose interests would necessarily be affected by the exercise of a granted power is violative of the due process clauses of the state and federal Constitutions. Schutte v. Schmitt, 162 Neb. 162, 75 N. W. 2d 656; Watkins v. Dodson, 159 Neb. 745, 68 N. W. 2d 508; Ruwe v. School District, 120 Neb. 668, 234 N. W. 789. It is the general rule that, in proceedings where notice and hearing are essential, the law authorizing such proceedings must require notice and hearing; otherwise it will be unconstitutional. It is not enough that a person may have actually had notice and hearing; the statute must provide for it as a matter of right if a failure of due process is to be avoided. 42 Am. Jur., Public Administrative Law, § 135, p. 470; 12 Am. Jur., Constitutional Law, § 573, p. 269. These propositions are so well grounded in the law of this state that further discussion is not necessary.

The state board and the commissioner contend that notice and hearing is provided by general law and that it need not be reiterated in the statute before us. We are referred to section 84-913, R. S. Supp., 1961, which states in part: "In any contested case all parties shall be afforded an opportunity for hearing after reasonable notice. The notice shall state the time, place, and issues involved, but if, by reason of the nature of the proceeding, the issues cannot be fully stated in advance of the hearing or if subsequent amendment of the issues is necessary, they shall be fully stated as soon as prac-

ticable. Opportunity shall be afforded all parties to present evidence and argument with respect thereto. * * * Each agency shall adopt appropriate rules of procedure for notice and hearing in contested cases." The words "contested cases" are defined by section 84-901, R. S. Supp., 1961, as follows: "(3) Contested case means a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing."

Sections 84-901 and 84-909 to 84-916, R. S. Supp., 1961, constitute an independent act dealing with administrative agencies providing, among other things, for notice and hearing when the legal rights, duties, and privileges of interested persons are affected. Such act and section 79-328, R. S. Supp., 1961, may be considered in pari materia in determining if due process is afforded, as required by the due process clauses of the state and federal Constitutions.

It is contended that section 84-913, R. S. Supp., 1961, is unconstitutional in that it requires the agency to determine if legal rights, duties, or privileges of specific parties are required by law or constitutional right to be exercised, and that, therefore, the right to notice and hearing is not absolute as required by the constitutional right of due process. We do not concur in this contention. The statute requires the agency to afford notice and hearing where such is required by law or constitutional right. If notice and hearing are afforded as required by law or constitutional right, the power to act exists; if notice and hearing in such a case are not afforded, the power to act does not exist and the courts are available to redress against the unlawful exercise of power as in the case of any void administrative order. Many statutes on our books are in the alternative and depend on the judgment of some person or agency to whom is confided the duty of determining whether or not the proper occasion or situation exists for executing

them. The exercise of such judgment is not the making of law; it is a determination of the procedure to be followed which requires a determination of fact. We think the statute provides for notice and hearing in all cases where due process is required by the due process clauses of the state and federal Constitutions.

Where, however, an agency must rely upon the provisions of the general act to afford due process of law under another statute such as section 79-328, R. S. Supp., 1961, it must comply with the provisions of the general statute. It is the province of the Legislature to determine the manner in which delegated powers shall be exercised and a failure to comply with the conditions and limitations imposed is an unlawful exercise of the powers purportedly granted.

Section 84-913, R. S. Supp., 1961, is an independent act providing for notice and hearing by administrative agencies in specified instances. The same section of the statute provides: "Each agency shall adopt appropriate rules of procedure for notice and hearing in contested cases." The State Department of Education failed to provide rules for the procedure for notice and hearing. The provision for requiring such rules is mandatory and within the competence of the Legislature to require. Until the State Department of Education adopts appropriate rules of procedure for notice and hearing, and thereby initiates its authority to provide notice and hearing, its authority to give notice and hearing is dormant and its attempt to provide it is without validity. If the State Department of Education could with impunity disregard a mandatory provision of the statute in the delegation of authority to it, it could disregard others on the authority of the first, with the result that the control of the Legislature would be lost. Compliance with the mandate of the Legislature in the delegation of power and authority to an agency of government is in effect a condition precedent to the exercise of such power and authority.

The delegation of authority and power does not ordinarily imply a parting with the powers of the Legislature, but points rather to the conferring of authority or power to do the things which otherwise the Legislature would have to do itself. The Legislature may therefore provide the conditions and limitations with which the agency must comply before the authority or power may be exercised.

In Holgate Bros. Co. v. Bashore, 331 Pa. 255, 200 A. 672, 117 A. L. R. 639, the principle was stated in the following language: "It is absolutely essential that limits be set on the power conferred on such tribunals and that the scope of their authorized action clearly appear. 'In creating such an administrative agency the legislature, to prevent its being a pure delegation of legislative power, must enjoin upon it a certain course of procedure and certain rules of decision in the performance of its function. It is a wholesome and necessary principle that such an agency must pursue the procedure and rules enjoined and show a substantial compliance therewith to give validity to its action.' "

In Wichita Railroad & Light Co. v. Public Utilities Commission, 260 U. S. 48, 43 S. Ct. 51, 67 L. Ed. 124, the court stated the rule as follows: "In creating such an administrative agency the legislature, to prevent its being a pure delegation of legislative power, must enjoin upon it a certain course of procedure and certain rules of decision in the performance of its function. It is a wholesome and necessary principle that such an agency must pursue the procedure and rules enjoined and show a substantial compliance therewith to give validity to its action."

In Union Light, Heat & Power Co. v. Public Service Commission (Ky. App.), 271 S. W. 2d 361, the court said: "We conclude that Rule 23(2) is invalid for the reason that it undertakes to materially alter KRS 278.180. If a statute lays down general standards, the administrative agency may implement the statute by

filling in the necessary details. But where, as in the case here, the statute in itself prescribes the exact procedure the administrative agency may not add to or subtract from such a provision." See, also, Robertson v. Schein, 305 Ky. 528, 204 S. W. 2d 954; State v. Miles, 5 Wash. 2d 322, 105 P. 2d 51.

We conclude that the authority of the State Department of Education to afford notice and hearing under the provisions of section 84-913, R. S. Supp., 1961, is conditional upon compliance with the mandatory provision that the agency shall adopt appropriate rules of procedure for notice and hearing in contested cases. The authority of the state board and the commissioner to afford notice and hearing is not valid when it fails to comply with the conditions and limitations of the statute. The authority and power delegated by the Legislature is therefore ineffective and dormant until such time as appropriate rules are adopted in accordance with the statute. It is the failure of the state board and the commissioner to comply with the statute, and not any deficiency in the statute itself, that results in the invalidation of the state board's finding that the school district was not entitled to its free high school tuition money.

For the reasons stated, the order of the state board and the commissioner, under date of February 14, 1962, is void and of no force and effect. The judgment of the district court, therefore, is correct in permanently enjoining the enforcement of the order of the state board denying free high school tuition money to the school district.

AFFIRMED.

WHITE, C. J., not participating.

SPENCER and BOSLAUGH, JJ., concur in the result.