AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, APPELLEE, V. DEPARTMENT OF PUBLIC INSTITUTIONS STATE HOSPITALS OF THE STATE OF NEBRASKA, APPELLANT.
237 N. W. 2d 841

Filed January 22, 1976. No. 40031.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellant.

Robert E. O'Connor, Robert E. O'Conner, Jr., and Zwerdling, Maurer, Diggs & Papp, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

PER CURIAM.

This is an appeal by the defendant from an order of certification issued by the Court of Industrial Relations to the plaintiff, the American Federation of State, County, and Municipal Employees, AFL-CIO. We affirm the order of the Court of Industrial Relations.

The plaintiff brought this action in the Court of In-

dustrial Relations, asking that court to invoke its jurisdiction over a dispute between the plaintiff and the defendant, the Department of Public Institutions State Hospitals of the State of Nebraska. The defendant, under authority granted in section 83-108, R. S. Supp., 1974, controls most of the state charitable and penal institutions, including the mental health and retardation facilities at Lincoln, Hastings, Norfolk, and Beatrice, Nebraska, and the Nebraska Psychiatric Institute at Omaha, Nebraska. The plaintiff asked the Court of Industrial Relations to order a secret ballot election among employees of the defendant. This election was to determine if the employees wanted the plaintiff to represent them in collective bargaining, and if so, whether the employees wanted the plaintiff to be the exclusive representative. The Court of Industrial Relations ordered the election. The election was held and a majority of those voting chose the plaintiff as their representative. The Court of Industrial Relations then entered an order of certification which certified the plaintiff as the exclusive bargaining agent. The defendant, the Department of Public Institutions State Hospitals of the State of Nebraska, appeals that order.

There is only one issue raised on this appeal. The defendant contends that the Court of Industrial Relations had no jurisdiction over the defendant because sections 48-801 et seq., R. R. S. 1943, the statutes which give the Court of Industrial Relations jurisdiction over public employees, are unconstitutional. We disagree.

In deciding the question of the constitutionality of a statute, it must be remembered that "all acts of the Legislature are presumed to be constitutional." Stanton v. Mattson, 175 Neb. 767, 123 N. W. 2d 844 (1963). In State ex rel. Meyer v. County of Lancaster, 173 Neb. 195, 113 N. W. 2d 63 (1962), this court said: "The judiciary may not declare an act of the Legislature unconstitutional unless it clearly contravenes some provision of the fundamental law * * *. In construing an act of the

Legislature, all reasonable doubts must be resolved in favor of its constitutionality."

The defendant contends that sections 48-801 et seq., R. R. S. 1943, are unconstitutional because they violate Article II, section 1, and Article IV, section 1, of the Constitution of the State of Nebraska. When viewing these two constitutional provisions together, this contention appears correct at first glance. Article II, section 1, provides: "The powers of the government of this state are divided into three distinct departments, the Legislative, Executive and Judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted."

Article IV, section 1, provides in part: *"Subject to the provisions of this Constitution,* the heads of the various executive or civil departments shall have power to appoint and remove all subordinate employees in their respective departments." (Emphasis supplied.) Thus, Article IV, section 1, gives the executive branch the power to dismiss its employees, and Article II, section 1, then says that no other branch can exercise "any power properly belonging to either of the others [departments]." The stumbling block in the defendant's reasoning is the language in Article IV, section 1, which states: "Subject to the provisions of this Constitution." The real question is whether there is a different provision of the Constitution which gives the Legislature the authority to give the Court of Industrial Relations jurisdiction over the defendant in this case.

The plaintiff argues that Article XV, section 9, gives the Legislature the authority to create a Court of Industrial Relations which has jurisdiction over public employees. The defendant, on the other hand, cites the proceeding of the Constitutional Convention of 1919-1920, to show that Article XV, section 9, was not intended to cover all public employees. Although correct

in its interpretation of Article XV, section 9, the defendant fails to consider Article IV, section 19, of the Constitution of the State of Nebraska.

Article IV, section 19, provides: "The general management, control and government of all state charitable, mental, reformatory, and penal institutions shall be vested as determined by the Legislature." This court has held that the provisions of the state Constitution "must be taken in their ordinary and common acceptation in such manner as to express the intent of its framers * * *." State ex rel. Johnson v. Marsh, 149 Neb. 1, 29 N. W. 2d 799. The "ordinary and common" meaning of the words in Article IV, section 19, are clear. The Legislature has complete authority over the entities named in Article IV, section 19. Pursuant to this authority, the Legislature created the Department of Public Institutions to manage the entities referred to in Article IV, section 19. § 81-101, R. S. Supp., 1974.

By delegating the actual day-by-day administration to the Department of Public Institutions, the Legislature did not lose its constitutionally mandated *power* to control all state charitable, mental, reformatory, and penal institutions. It is not contended, nor could it be, that the statutes creating and delegating administrative authority to the Department of Public Institutions, are in any way constitutionally infirm because of the failure to enact proper standards under the familiar constitutional principle. Nor can it be contended that the Legislature attempted to divorce itself from or delegate its power to control to any other branch of the government. See Orleans Education Assn. v. School Dist. of Orleans, 193 Neb. 675, 229 N. W. 2d 172. A reading of the constitutional provisions and the legislative acts involved demonstrates, without doubt, that the Legislature retained complete and plenary authority to control, regulate, and administer the Department of Public Institutions. It follows that if the Legislature in the exercise of its continuing control of the department wants

to subject the Department of Public Institutions to the jurisdiction of the Court of Industrial Relations, it has the power under Article IV, section 19, of the Constitution of the State of Nebraska.

Looking at the intent of the drafters of Article IV, section 19, in its present form, it is clear that the drafters intended that the Legislature should have exclusive control over the Department of Public Institutions. Prior to the most recent amendment to Article IV, section 19, in 1958, section 19 provided for a Board of Control, which was appointed by the governor, to govern all state charitable, reformatory, and penal institutions. The 1958 amendment took control away from the Board of Control and the governor, and placed it in the Legislature. Legislative hearings on the 1958 amendment clearly indicate that the drafters of the amendment believed that the Legislature would be better able to supervise the Department of Public Institutions than would the Governor. Thus, the history of Article IV, section 19, reinforces the clear meaning of the words in Article IV, section 19.

Since it cannot be doubted that Article IV, section 19, gives the Legislature the continuing power to control the Department of Public Institutions, sections 48-801 et seq., R. R. S. 1943, clearly do not violate Article II, section 1, dealing with the separation of powers. By giving the Court of Industrial Relations jurisdiction over the Department of Public Institutions, the Legislature is merely exercising the authority granted to it in Article IV, section 19.

The defendant's argument in this case is similar to the argument recently raised in Orleans Education Assn. v. School Dist. of Orleans, *supra*. In Orleans, the Court of Industrial Relations ruled on a dispute between school teachers and the defendant school district concerning the rate of pay and other benefits. The defendant appealed. One basis for the appeal was that the Court of Industrial Relations did not have juris-

diction over the dispute because the statute giving the court jurisdiction, the Nebraska Teachers' Professional Negotiation Act, sections 79-1287 et seq., R. R. S. 1943, was unconstitutional. The defendant school district argued, as does the defendant in this case, that Article II, section 1, prohibited the Legislature from giving jurisdiction over public employees to the Court of Industrial Relations. This court in Orleans upheld the jurisdiction of the Court of Industrial Relations, not by utilizing Article XV, section 9, but rather by using Article III, section 1. The court held that under Article III, section 1, the Legislature has plenary authority over school districts. In the exercise of that authority, the Legislature could constitutionally give the Court of Industrial Relations jurisdiction over disputes between teachers and school districts.

The Orleans rationale is consistent with the holding in this case. In each case, a specific provision of the Constitution of the State of Nebraska gave the Legislature complete authority over certain public employers and employees. In Orleans, Article III, section 1, gave the Legislature that authority over school districts and its employees. In the case at hand, Article IV, section 19, gives the Legislature that authority over the Department of Public Institutions and its employees.

The order of the Court of Industrial Relations is correct and is affirmed.

AFFIRMED.

BOSLAUGH and CLINTON, JJ., concur in the result.

NEWTON, J., dissenting.

I respectfully dissent from the majority opinion. A major error appears based on Article IV, section 19, of the Constitution of Nebraska, which states that the management, control, and government of our public institutions "shall be vested as determined by the Legislature." Based on this provision it is asserted that the Legislature has simply delegated administrative authority while retaining complete control. The constitutional

provision mentioned *does not* give the Legislature complete control over state institutions. It simply gives the Legislature the right to designate what body shall exercise this authority.

Prior to the 1958 amendment to Article IV, section 19, the Board of Control was a constitutionally created body with full power and authority over state institutions. Under the power conferred by the amended section the Legislature has vested these powers in the Department of Public Institutions. A change of name has occurred but the powers and duties of the department are synonymous with those formerly executed by the Board of Control. See Ch. 83, art. 1, § 83-101.01, R. R. S. 1943. It appears that both bodies were, or are, executive departments.

Article IV, section 1, of the Constitution, designates certain executive officers and also provides that it shall include "the heads of such other executive departments as set forth herein or as may be established by law." It further provides that heads of departments established by law shall be appointed by the Governor and may be removed by him, and the department heads shall have authority to remove and appoint all subordinate employees. Article IV, section 27, of the Constitution of Nebraska, contemplates the creation of the new executive state offices by the Legislature. It is clear that not all state administrative bodies are to be deemed simply legislative adjuncts.

The Nebraska statutes make it clear that the Department of Public Institutions is an executive body. Section 81-101, R. S. Supp. 1974, specifically designates it as such. It has charge of the state hospitals and the Nebraska Veteran's Home. True, it operates under laws promulgated by the Legislature, but so does the Governor, Secretary of State, etc. The fact remains that the Department is specifically charged with the operation of these institutions and operates them through subordi-

nate supervisors, administrators, or directors. It has direct and sole responsibility for operating these institutions just as does the board of directors of a corporation.

The terms administrative and executive are usually deemed to be interchangeable. Regardless of which term is resorted to it is evident that here we are dealing with a body comprising a part of the executive department of the state. Article IV, section 19, of the Constitution of Nebraska, grants the management, control, and government of public institutions to the body named by the Legislature, namely, the Department of Public Institutions. The constitutional language divests the Legislature of "management, control, and government" of the institutions and necessarily vests such powers as to employees exclusively in the department.

SPENCER, J., joins in this dissent.