AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, APPELLEE, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT, NEBRASKA ASSOCIATION OF PUBLIC EMPLOYEES, A CORPORATION, INTERVENER-APPELLEE.
NEBRASKA ASSOCIATION OF PUBLIC EMPLOYEES, A CORPORATION, APPELLEE, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT.

263 N. W. 2d 643

Filed March 1, 1978.   Nos. 41179, 41180.

Paul L. Douglas, Attorney General, Warren D. Lichty, Jr., and Robert G. Avey, for appellant.

John B. Ashford of Bradford & Coenen, for appellee American Fed. S., C. & M. Emp., AFL-CIO.

Steven D. Burns, for appellee and intervener-appellee Nebraska Assn. of Pub. Emp.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is an appeal from a Court of Industrial Relations' determination that the Department of Roads is subject to the jurisdiction of the Court of Industrial Relations; that the department should be divided into two separate units for bargaining purposes, namely, a construction unit and a maintenance unit; and, finally, that the Court of Industrial Relations has authority to order a run-off election when neither of the two organizations seeking to represent

the units received a majority of the votes cast, although a majority voted to be represented.

The State argues that sections 48-801 et seq., R. R. S. 1943, are unconstitutional insofar as they might apply to the Department of Roads.

The Department of Roads is not one of the executive departments named in Article IV, section 1, of the Nebraska Constitution. It was created by the Legislature, sections 81-701.01 et seq., R. R. S. 1943, and designated as an executive department pursuant to Article IV, section 1, and Article IV, section 27, of the Nebraska Constitution.

The State directs our attention to three related provisions of the Nebraska Constitution. Article II, section 1, reads: "The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person * * * shall exercise any power properly belonging to either of the others, * * *."

Article IV, section 1, states: "Subject to the provisions of this Constitution, the heads of the various executive * * * departments shall have power to appoint and remove all subordinate employees * * *."

Article IV, section 6, provides: "The supreme executive power shall be vested in the Governor, who shall take care that the laws be faithfully executed and the affairs of the state efficiently and economically administered."

The State argues that the exercise of the executive power will be hampered by the action of the Court of Industrial Relations because the decisions of the court will infringe on the right of the various departments to hire and fire subordinates. We shall discuss this contention later.

The constitutional justification for the creation of the Court of Industrial Relations and its jurisdiction over governmental bodies and their employees has been the subject of litigation before this court on a number of occasions.

In School Dist. of Seward Education Assn. v. School Dist. of Seward, 188 Neb. 772, 199 N. W. 2d 752, the major issue was whether the Court of Industrial Relations violated the separation of powers provision of Article II, section 1, Constitution of Nebraska. A divided court determined that it did not, and affirmed. The rationale of the majority was that Article XV, section 9, providing: "Laws may be enacted providing for the investigation, submission and determination of controversies between employers and employees in any business or vocation *affected with a public interest, * * *.* An Industrial Commission may be created for the purpose of administering such laws, and appeals shall lie to the Supreme Court * * *," was intended to be an exception to Article II of the Constitution of Nebraska. (Emphasis supplied.) By implication the majority suggested that the phrase "employees in any * * * vocation affected with a public interest" included employees of the State of Nebraska. In two separate dissenting opinions, three judges of this court disagreed with that interpretation. Judge Clinton, in his dissent, said: "There would, however, seem to be no question that the Legislature may enact independently of Article XV, section 9, labor legislation applicable to public employees, but in so doing the provisions of Article II on the separation of powers must be observed." The Department of Education is not an executive department, but exists pursuant to present Article VII, sections 1 through 13, of the Constitution. The constitutional grant is dependent upon implementing legislative action. School Dist. No. 8 v. State Board of Education, 176 Neb. 722, 127 N. W. 2d 458.

In Orleans Education Assn. v. School Dist. of Orleans, 193 Neb. 675, 229 N. W. 2d 172, this court again passed on the constitutionality of the Court of Industrial Relations against the assertions that sections 48-818 et seq., R. R. S. 1943, delegated judicial pow-

ers to an administrative body in violation of Article II, section 1, and Article V, section 1, of the Nebraska Constitution, and that the act further delegated legislative authority in violation of Article III, section 1. Judge Clinton, writing for the majority, held that the jurisdiction of the Court of Industrial Relations is limited to clearly legislative concerns and the power to establish rates and conditions of employment in accordance with the standards prescribed by the act are not unconstitutional as violative of the last above-cited Articles of the Nebraska Constitution.

The majority opinion in Orleans Education Assn. v. School Dist. of Orleans, *supra,* proceeding from the rationale set out in Judge Clinton's dissent in School Dist. of Seward Education Assn. v. School Dist. of Seward, *supra,* declined to base its holding on Article XV, section 9. Relying on Dwyer v. Omaha-Douglas Public Building Commission, 188 Neb. 30, 195 N. W. 2d 236, the court held: "The Legislature has plenary legislative authority except as limited by the state and federal Constitutions." Finding no barriers in the state and federal Constitutions subjecting the employees of the Orleans School District to the jurisdiction of the Court of Industrial Relations, and, finding no unlawful delegation of legislative and judicial power, the court affirmed. The majority, however, noted that since the Legislature had plenary power and control over school districts, " ' * * * it follows, by the enactment of L.B. 15, Laws 1969, chapter 407, page 1405 (section 48-810, R. R. S. 1943), it was exercising that control.' " See, also, School Dist. of Seward Education Assn. v. School Dist. of Seward, *supra.*

Judge Newton dissented, in Orleans, suggesting that an implied restriction existed in the state Constitution by reason of the deliberate refusal of the drafters to include employees of the government within the provisions of Article XV, section 9, Consti-

tution of Nebraska. Judge Boslaugh concurred in the result without an opinion.

In American Fed. of S., C. & M. Emp. v. Department of Public Institutions, 195 Neb. 253, 237 N. W. 2d 841, the court, in a Per Curiam plurality opinion, again upheld the constitutionality of sections 48-801 et seq., R. R. S. 1943, against an assertion that Article II, section 1, and Article IV, section 1, Constitution of Nebraska, prohibited the exercise of the power, granted to the Court of Industrial Relations, to certify a bargaining agent within the department. The Per Curiam opinion found that the words at the beginning of Article IV, section 1, " 'Subject to the provisions of this Constitution * * *,' " qualified the power of the executive department in light of Article IV, section 19, which provides: " 'The general management, control and government of all state charitable, mental, reformatory, and penal institutions shall be vested as determined by the Legislature.' " (Emphasis supplied.) This court further said: "By delegating the actual day-by-day administration to the Department of Public Institutions, the Legislature did not lose its constitutionally mandated power to control all state charitable, mental, reformatory, and penal institutions. * * * It follows that if the Legislature in the exercise of its continuing control of the department wants to subject the Department of Public Institutions to the jurisdiction of the Court of Industrial Relations, it has the power under Article IV, section 19, of the Constitution of the State of Nebraska."

The Per Curiam opinion notes the argument that the provisions of Article XV, section 9, do not cover all public employees was "* * * correct in its interpretation."

Two judges concurred in that result and two judges dissented. As pointed out in the dissent, the Department of Public Institutions is an executive department. § 81-101, R. R. S. 1943.

This court has again been invited to base its judgment on the interpretation placed on Article XV, section 9, by School Dist. of Seward Education Assn. v. School Dist. of Seward, *supra,* and, if not on that basis, then on an alleged distinction between executive departments created by the Legislature and those specifically created by the Constitution. It is suggested that the creation by the Legislature somehow changes the character of control by the executive branch which is not possible with departments created by the Constitution. We decline the invitation.

While we have no doubt that a specific order of the Court of Industrial Relations might infringe on the separate powers of the executive and judicial branches of government, the State does not here point out how the recognition of bargaining units infringes on the executive power. The courts of this state decide controversies and are not empowered to render advisory opinions. On a case-by-case basis, should the need arise in the future, this court will examine orders of the Court of Industrial Relations and determine if authority of the executive has been infringed upon and, conversely, determine if the Court of Industrial Relations has exceeded its. power.

The Constitution of Nebraska is a limitation of power and not a grant. Orleans Education Assn. v. School Dist. of Orleans, *supra.* Therefore, since the recognition and creation of bargaining units within executive departments are not prohibited by any Article of the Constitution of Nebraska, the Legislature possesses the authority to grant such power to the Court of Industrial Relations.

Does the Court of Industrial Relations have the authority to order a run-off election where, as here, a majority has clearly voted for inclusion in a bargaining unit, but neither of the proposed bargaining

agents has received a majority of the votes cast? We hold that it does.

Section 48-838, R. R. S. 1943, provides: "(1) The court shall certify the *exclusive collective bargaining agent* for employees * * * following an election by secret ballot, * * *. (3) * * * No election shall be ordered in one unit more than once a year." (Emphasis supplied.)

This court held in City of Grand Island v. American Federation of S. C. & M. Employees, 186 Neb. 711, 185 N. W. 2d 860: "In reaching its decision the Court of Industrial Relations found that decisions under the National Labor Relations Act were helpful but not controlling upon the court. We think this is a correct statement as to the consideration to be given to the decision under the federal law."

The National Labor Relations Act at 29 U. S. C., § 159 (c) (3), states: "No election shall be directed in any bargaining unit or subdivision within which in the preceding twelve-month period, a valid election shall have been held * * *. In any election where none of the choices on the ballot receives a majority, a run-off shall be conducted, the ballot providing for a selection between the two choices receiving the largest and second largest number of valid votes cast in the election."

The National Labor Relations Board has consistently held that a run-off election is a continuation of an original election and is designed to carry out the purposes of the original election. Fedders Manuf. Co., 7 N. L. R. B. 817.

The purpose of sections 48-801 et seq., R. R. S. 1943, is the prevention of labor disputes. The determination that a run-off election is appropriate, where a majority of workers in a unit desire representation, is in accord with both the purpose of the act and similar federal law. The Court of Industrial Relations did not act in excess of its authority by ordering a run-off election.

The Court of Industrial Relations determined that the appropriate bargaining units were a unit consisting of maintenance personnel and one composed of engineers or road construction personnel. The court noted there is little contact between the two groups, little interchange of personnel, and each has differing working conditions. The heavy-work schedule for the road construction employees is during the construction season and is largely dictated by contractors. The maintenance employees have a more regular work schedule the year round. As a result of the elections, the common bargaining agent of the two units is the Nebraska Association of Public Employees. The interesting factor is that the proposal for two bargaining units originated in the application of American Federation of State, County and Municipal Employees, AFL-CIO. N.A.P.E. proposed a single bargaining unit for all employees of the department, except supervisory personnel. Section 48-838, R. R. S. 1943, provides in part: "The court shall also determine the appropriate unit for bargaining and for voting in the election, and in making such determination the court shall consider established bargaining units and established policies of the employer. It shall be presumed, in the case of governmental subdivisions such as municipalities, counties, power districts, or utility districts with no previous history of collective bargaining, that units of employees of less than departmental size shall not be appropriate."

The Department of Roads is a governmental subdivision within the meaning of the presumption described in the statute as "units of less than department size shall not be appropriate." The policy of section 48-838, R. R. S. 1943, is opposition to undue fragmentation of bargaining units. House Officers Assn. v. University of Nebraska Medical Center, 198 Neb. 697, 255 N. W. 2d 258. To effectuate this policy, the statute is not limited, in applicability, only to

those governmental subdivisions enumerated. The use of the words "such as" merely suggests examples of political subdivisions covered by the statute, rather than denoting an all-inclusive enumeration. Since the Department of Roads is a governmental subdivision with no previous history of collective bargaining, it is subject to the presumption of a single bargaining unit.

Review by this court of an order or decision of the Court of Industrial Relations is restricted to considering whether the order of that court is supported by substantial evidence justifying the order made, whether it acted within the scope of its statutory authority, and whether its action was arbitrary, capricious, or unreasonable. American Assn. of University Professors v. Board of Regents, 198 Neb. 243, 253 N. W. 2d 1. While there is evidence to support the conclusion of the Court of Industrial Relations, we do not agree that it is substantial in view of the evidence, introduced on behalf of the elected bargaining agent, that no conflict exists between the two categories which would prevent representation by N.A.P.E. It is our conclusion that the presumption against fragmentation has not been overcome and the appropriate bargaining unit shall consist of all nonsupervisory employees of the Department of Roads. Since N.A.P.E. has been elected singly to represent both units, no new election is necessary.

The decision of the Court of Industrial Relations is affirmed as modified.

AFFIRMED AS MODIFIED.

BOSLAUGH, J., concurs in the result.

SPENCER, J., dissenting.

I respectfully dissent from the majority opinion herein. The opinion cites American Fed. of S., C. & M. Emp. v. Department of Public Institutions, 195 Neb. 253, 237 N. W. 2d 841 (1976), a Per Curiam plurality opinion, to support its opinion herein. I joined in the dissent to that opinion, and suggest its

applicability to the opinion herein.

The Department of Roads has been designated as an executive department. In my judgment, the Department of Roads is not embraced within the language of Article XV, section 9, of the Constitution of Nebraska, which provides: "Laws may be enacted providing for the investigation, submission and determination of controversies between employers and employees in any business or vocation affected with a public interest, and for the prevention of unfair business practices and unconscionable gains in any business or vocation affecting the public welfare. An Industrial Commission may be created for the purpose of administering such laws, and appeals shall lie to the Supreme Court from the final orders and judgments of such commission."

I am now convinced this constitutional provision was not intended to bear upon or affect governmental units. In this respect, I am now in full agreement with the conclusion set out in the dissent in School Dist. of Seward Education Assn. v. School Dist. of Seward, 188 Neb. 772, 199 N. W. 2d 752 (1972). I authored that opinion. It was premised on the plenary power of the Legislature over school districts, as suggested by the following paragraph: "The Legislature has plenary power and control over school districts, including provision for the appointment or election of governing bodies thereof. Consequently, it may provide limitations on any authority to be exercised by a school board. If the Legislature has such complete control over public school districts, it follows, by the enactment of L. B. 15, Laws 1969, chapter 407, page 1405, it was exercising that control."

There is nothing in that opinion to suggest, even by inference, that the Legislature has the same power and control over executive departments. I am now convinced that in adopting Article XV, section 9, Constitution of Nebraska, the Constitutional Conven-

tion of 1920 clearly intended to exempt the state and its political subdivisions from the operations of the Court of Industrial Relations. We have opened a Pandora's box, by judicial construction, which can ultimately destroy and nullify Article II, section 1, Constitution of Nebraska, which reads: "The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person * * * shall exercise any power properly belonging to either of the others, * * *."

WHITE, C. J., joins in this dissent.