STATE EX REL. NEBRASKA NURSES ASSOCIATION,
A NONPROFIT CORPORATION, AND DARLENE CORDING,
APPELLEES, V. STATE OF NEBRASKA BOARD OF NURSING,
AND PAUL L. DOUGLAS, ATTORNEY GENERAL OF THE
STATE OF NEBRASKA, APPELLANTS.

290 N. W. 2d 453

Filed March 25, 1980. No. 42606.

Paul L. Douglas, Attorney General, Marilyn B. Hutchinson, and Paul E. Hofmeister, for appellants.

James B. Cavanagh of Erickson, Sederstrom, Leigh, Johnson, Koukol & Fortune, P.C., for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This proceeding, brought by the Nebraska Nurses Association and Darlene Cording, an individual registered nurse, sought a peremptory writ of mandamus requiring the Attorney General to file an action in the appropriate court to determine the constitutionality and validity of section 71-1,132.11 (15), R. S. Supp., 1978. The District Court for Lancaster County, Nebraska, issued a peremptory writ of mandamus against Paul L. Douglas, Attorney General for the State of Nebraska, commanding him to initiate an action pursuant to section 84-215, R. S. Supp., 1978, in order to determine the constitutionality of section 71-1,132.11 (15), R. S. Supp., 1978. The Attorney General has appealed.

In 1975, subsection (15) was added to section 71-1,132.11, as a portion of L.B. 422, section 6. L.B. 422 amended numerous sections and repealed several sections of Chapter 71, article 1, dealing with the practice of nursing. Subsection (15) requires that the Board of Nursing shall: "(15) Develop rules

and regulations in cooperation with the Board of Examiners in Medicine and Surgery governing the expanding role of the professional nurse, and implement such rules and regulations. Such rules and regulations shall provide for the kind of functions the nurse would be able to perform, under what circumstances such function would be performed, and the necessary educational and clinical preparation needed to do so; * * *."

The Board of Nursing drafted a set of general rules regulating the practice of nurses in expanded roles and held public hearings on the proposed rules. The general rules created a new title and classification of registered nurses entitled "Advanced Registered Nurse Practitioner," and also authorized and provided for the creation of additional specialty subclassifications of certified advanced registered nurse practitioners, and established qualifications for such newly created classifications of professional nurses. The general rules also included provisions for violations and penalties and fees for certification and licensing.

The general rules were submitted to the Attorney General for his consideration as to the statutory authority and constitutionality of such rules and his approval or disapproval under the provisions of section 84-905.01, R. R. S. 1943. On February 23, 1978, the Attorney General, by letter, advised the Board of Nursing: "We are returning the above rules without our approval. We have concluded that the Board does not have authority to make them." The Attorney General cited the general rule that the Legislature may not delegate legislative powers to an administrative agency and stated: "We have concluded that in this case the Legislature has left to the Board of Nursing and the Board of Examiners in Medicine and Surgery the determination of what the law shall be. They have not thereby acquired authority to do so."

Because the rules and regulations were not approved by the Attorney General, they were not filed with the Secretary of State and the Revisor of Regulations and, therefore, have not become effective. See § 84-902, R. S. Supp., 1978, and § 84-906, R. R. S. 1943.

The record establishes that the Board of Nursing has worked consistently to implement its concept of what subsection (15) authorized. The District Court found that "The State Board of Nursing has failed to implement or further develop the rules and regulations required pursuant to this statute by reason of a Nebraska Attorney General's written opinion to the effect that such statute is unconstitutional." The District Court also found that the Attorney General had a duty to file an action to determine the constitutional validity of subsection (15), and entered a peremptory writ of mandamus against the Attorney General commanding him to initiate an action pursuant to section 84-215, R. S. Supp., 1978, in order to determine the constitutionality of section 71-1,132.11 (15), R. S. Supp., 1978. The Attorney General has appealed.

Section 84-215, R. S. Supp., 1978, provides: "When the Attorney General issues a written opinion that an act of the Legislature is unconstitutional and any state officer charged with the duty of implementing the act, in reliance on such opinion, refuses to implement the act, the Attorney General shall, within ten working days of the issuance of the opinion, file an action in the appropriate court to determine the validity of the act. * * *."

In the case now before us, the relators, Nebraska Nurses Association, a nonprofit corporation, and Darlene Cording, an individual registered nurse, allege no special standing or right to bring this action except that they represent a body of registered professional nurses. The action is brought under the provisions of section 25-2156, R. R. S. 1943, which

provides in part: "The writ of mandamus may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station." The writ of mandamus is not a writ of right. Before a court is warranted in granting a peremptory writ, it must appear that the relator has a clear legal right to the performance of the duty by the respondent. To warrant the issuance of a peremptory writ of mandamus to compel the performance of a legal duty to act: (1) The duty must be imposed by law; (2) the duty must still exist at the time the writ is applied for; and (3) the duty to act must be clear. State ex rel. Blome v. Bridgeport Irr. Dist., *ante* p. 97, 286 N. W. 2d 426 (1979).

In the present case, any duty of the Attorney General to act, insofar as filing a court action is concerned, stems from section 84-215, R. S. Supp., 1978, and unless a clear duty to act exists under the terms of that statute, the writ of mandamus should not issue. The first requirement of the statute is that the Attorney General shall have issued a written opinion that an act of the Legislature is unconstitutional. In this case no opinion as to the constitutionality of subsection (15) was ever requested by anyone; the Board of Nursing simply drafted a set of rules and regulations under its own concept of what subsection (15) authorized and presented those rules to the Attorney General for his approval or disapproval as required by section 84-905.01, R. R. S. 1943. That section requires the submission of rules of an administrative agency to the Attorney General for his consideration "as to the statutory authority and constitutionality" of such rules.

It is difficult to determine whether the Attorney General's disapproval letter was based upon statutory or constitutional grounds and whether it was directed primarily to the particular rules and regu-

lations adopted or was directed at the language of subsection (15). On its face, the Attorney General's letter does not express the opinion that any act of the Legislature is unconstitutional, although there is the implication that if subsection (15) were interpreted to authorize the adoption of the rules and regulations proposed, some portions of the section might constitute an unconstitutional delegation of legislative power.

To interpret section 84-215, R. S. Supp., 1978, as applicable to the opinion of the Attorney General in this case would mean that whenever the Attorney General disapproved proposed rules of any administrative agency because the rules were beyond the statutory and constitutional limits authorized by the enabling act of the Legislature, the Attorney General would then be required to file a court action to test the validity of the entire act which authorized the making of the rules and regulations. The other available alternative is to leave the administrative agency to its remedy of bringing an action against the Attorney General seeking a determination as to whether his disapproval of the proposed rules was valid or invalid. The latter procedure would limit the case to the narrow issues in controversy rather than involve broad issues of constitutionality as to which there may be no justiciable controversy.

It is doubtful that the Attorney General's letter of February 23, 1978, constituted a written opinion that section 71-1,132.11 (15), R. S. Supp., 1978, was unconstitutional. In any event, the record here is clear that no officer charged with the duty of implementing the act ever refused to implement it, nor even that any officer failed to implement it "in reliance on such opinion." The District Court did not find that the Board of Nursing had refused to implement the act in reliance upon the letter but only that the board had failed to implement or further develop the rules because of the opinion letter.

Section 84-215, R. S. Supp., 1978, specifies the conditions which must exist before the Attorney General has a duty to file an action to determine the validity of a legislative act. The record here fails to establish that those conditions existed in this case. Unless the duty to act is clear, the issuance of a peremptory writ of mandamus is not authorized. See State ex rel. Blome v. Bridgeport Irr. Dist., *supra.*

This court has repeatedly held that courts of this state are not permitted to give advisory opinions but can only declare the law and its application to a given set of facts when a justiciable controversy is presented for the determination of the court. Muller Enterprises, Inc. v. Gerber, 178 Neb. 463, 133 N. W. 2d 913 (1965). The latest succinct statement of those principles is set out in American Fed. of S., C. & M. Emp. v. State, 200 Neb. 171, 263 N. W. 2d 643 (1978): "The courts of this state decide controversies and are not empowered to render advisory opinions." This court has also said: "Courts will not decide questions of constitutionality unless they have been raised by a litigant whose interests are adversely affected. A court has no power to summarily pass upon the constitutionality of an act of the Legislature. It has power only to decide justiciable disputes. Its power to declare an act of the Legislature unconstitutional arises only when it affects a right of a litigant in such a case." Ritums v. Howell, 190 Neb. 503, 209 N. W. 2d 160 (1973).

The Board of Nursing and the Attorney General are joint defendants and not adverse parties in this case. No justiciable dispute is established by this record, nor is there any showing as to how the right of any relator is adversely affected. The peremptory writ of mandamus issued by the District Court is vacated and the cause is remanded to the District Court with directions to dismiss.

PEREMPTORY WRIT OF MANDAMUS VACATED.
CAUSE REMANDED WITH DIRECTIONS.