REQUESTED BY: Senator Howard L. Peterson Member of the Legislature State Capitol Lincoln, NE 68509
Dear Senator Peterson:
You have requested the opinion of this office regarding the constitutionality of REQ 1050, legislation which you are considering introducing next legislative session. You have indicated that this proposed legislation is based upon law in the State of Missouri and you have referred us to the case of King v. Priest, 357 Mo. 68, 206 S.W. 547, appeal dismissed 68 S.Ct. 736, 333 U.S. 852, 92 L.Ed. 1133, rehearing denied 68 S.Ct. 901, 333 U.S. 878, 92 L.Ed. 1154
(1947).
We have reviewed this proposed legislation, as well as the legal authorities to which you refer. This legislation would amend the act creating the Commission of Industrial Relations, Neb.Rev.Stat. §§ 48-801, et seq. (Reissue 1978) as amended, in several respects.
Section 2 of the proposed legislation would amend Neb.Rev.Stat. § 48-837 in pertinent part as follows:
 Public employees, except police, firefighters, deputy sheriffs, Nebraska State Highway Patrol, Nebraska National Guard, and all teachers of all Nebraska schools, colleges, technical community colleges, and universities, shall have the right to form, join, and participate in, or to refrain from forming, joining, or participating in, any employee organization of their own choosing. . . . (Amendment proposed)
The title of this proposed bill indicates that, in part, it would prohibit certain public employees from joining unions.
Article XV, Section 13 of the Constitution of the State of Nebraska provides in pertinent part as follows:
 No person shall be denied employment because of membership in or affiliation with, or resignation or expulsion from a labor organization or because of refusal to join or affiliate with a labor organization; . . .
Section 14 of said article further provides:
 The term `labor organization' means any organization of any kind, or any agency or employee representation committee or plan, which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.
Pursuant to Section of said article, the above-stated provisions are self-executing.
In our opinion, if the above-stated constitutional provisions apply to public employees, the proposed legislative amendment to Neb.Rev.Stat. § 48-837 appears to be inconsistent with such provisions. The legislative amendment ostensibly purports to deny to certain public employees the right to join or refrain from joining an employee organization. While there is no statutory enforcement provision, we assume that a public employer could or would impose disciplinary or corrective action upon employees for violating a statutory prohibition. Thus, in our opinion, if Article XV, Section13 of the Nebraska Constitution applies to public employees, the proposed legislation may be found to abridge that constitutional provision.
Article XV, Section 13, on its face, appears to encompass the denial of employment to any person based on union affiliation or lack thereof. It is well established in this jurisdiction that provisions of the state Constitution must be taken in their ordinary and common acceptation in such manner as to express the intent of the framers of the Constitution.American Federation of State, County and MunicipalEmployees, AFL-CIO v. Department of PublicInstitutions State Hospitals, 195 Neb. 253, 237 N.W.2d 841
(1976).
We are aware of no case in which the Nebraska Supreme Court has specifically held that the provisions of Article XV, Section 13, are applicable to public and private employees alike. However, several cases decided by the Nebraska Supreme Court have apparently assumed that said constitutional provision is in fact applicable to public employees.AFSCME, Local No. 2088 v. County of Douglas, 208 Neb. 511,525, ___ N.W.2d ___ (1981); Nebraska Department of Roads EmployeesAssoc. v. Department of Roads, 189 Neb. 754,205 N.W.2d 110 (1973); Mid-Plains Education Assoc. v. MidPlainsNebraska Technical College, 189 Neb. 37,199 N.W.2d 747 (1972). In American Federation of State, County andMunicipal Employees v. Woodward, 406 F.2d 137 (8th Cir. 1969), the federal court concluded that the public policy inherent in Article XV, Section 13 of the Nebraska Constitution, that employment not be denied on the basis of union membership, includes public as well as private employment. In our opinion, these prior decisions indicate that if this precise issue were presented to the Nebraska Supreme Court, it would probably conclude that the constitutional provision at issue applies to both public and private employees alike.
In Potts v. Hay, 229 Ark. 830, 318 S.W.2d 826 (1958), the Supreme Court of Arkansas considered the applicability of a similar state constitutional provision to public employees. The statutory provision challenged in that case involved an act which required that persons be denied employment as policemen because of membership in a labor union. The court concluded that the constitutional provision must be given the effect that its plain words demanded, therefore the provision applied to public employees as well as private employees and the act at issue was unconstitutional.
In our opinion, the proposed legislation, insofar as it would amend Neb.Rev.Stat. § 48-837 to exclude certain public employees from exercising the right to join or refrain from joining an employee organization, probably abridges ArticleXV, Section 13 of the Nebraska Constitution. Because of this conclusion, we deem it unnecessary to address additional constitutional challenges which might exist, such as those embodied in the First Amendment or in the Due Process and the Equal Protection Clauses of the Fourteenth Amendment. To the extent that the court's analysis in King v.Priest, supra, is based on the latter analysis in a jurisdiction which does not have the provision set forth in ArticleXV, Section 13 of the Nebraska Constitution, we do not find the legal authority from the State of Missouri to be persuasive.
Additionally, this proposed legislation would amend Neb.Rev.Stat. § 48-810, to the extent that persons subject to the provisions of the Nebraska Teachers Professional Negotiations Act, would no longer be required to exhaust the provisions of that act prior to invoking the jurisdiction of the Commission of Industrial Relations and section 4 of that proposed legislation would repeal the provisions of that act, Neb.Rev.Stat. §§ 79-1287 to 79-1295. At first blush, we perceive no constitutional deficiencies with these portions of the proposed legislation. However, it is our understanding, that such amendments are intrinsically related to the amendment proposed regarding Neb.Rev.Stat. 48-837, heretofore discussed.
Finally, Section 3 of this proposed legislation prohibits the use of public funds to pay public employees who appear before a legislative committee or negotiate terms of employment. Generally speaking, the compensation allowed public employees is a legislative determination. 67 C.J.S., Officers §§ 223, 226, p. 714, 724-725. On its face, we perceive no constitutional deficiencies in this provision.
Very truly yours, PAUL L. DOUGLAS Attorney General Lynne Rae Fritz Assistant Attorney General