REQUESTED BY: Senator Jerome Warner Nebraska State Legislature State Capitol Room 1000 Lincoln, NE 68509
Dear Senator Warner:
You have asked for the opinion of this office as to whether or not the Legislature is empowered to make biennial appropriations under the provisions of Article III, Section22 of the Nebraska Constitution.
Article III, Section 22 states in pertinent part: `Each Legislature shall make appropriations for the expenses of the Government.' It is our view that this provision allows the Legislature to make appropriations for annual or biennial periods; or the Legislature may appropriate for any other length of time. The only limitation is that no appropriation may extend past the end of the fiscal year ending during the next upcoming odd-numbered calendar year.
Our reasoning behind these conclusions is as follows:
Prior to its 1972 amendment, Article III, Section 22 provided:
 Each Legislature shall make appropriations for the expenses of the Government until the expiration of the first fiscal quarter after the adjournment of the next regular session, and all appropriations shall end with such fiscal quarter.
When the Legislature went to annual sessions in 1971 it was clear that this language would require annual appropriations because appropriations could not extend past `the expiration of the first fiscal quarter after the adjournment of the next regular session.' Since regular sessions were coming up annually, this meant that appropriations would have to be made annually also. See, 1971-72 Attorney General Opinions, No. 29, March 30, 1971.
The 1972 amendment to Article III, Section 22 eliminated the language limiting appropriations `until the expiration of the first fiscal quarter after the adjournment of the next regular session.' Thus, the Legislature is no longer limited to appropriating on an annual basis simply because it meets on an annual basis. However, nothing in Article III, Section 22 prohibits such annual appropriations either.
Nevertheless, we do not believe the 1972 amendment eliminated all limits on the length of appropriations. We say this because Article III, Section 22 continues to state: `Each Legislature shall make appropriations. . . .' (Emphasis supplied.) The use of the term `each Legislature' is unique in Article III, Section 22, being found no where else in Article III. Elsewhere the term `the Legislature' is used. This certainly suggests that the term in Article III, Section 22 means something different.
The term `the Legislature,' as used in Article III, clearly refers generically to that body of government which has the authority to legislate, i.e., to make statutory laws for the state. See, Black's Law Dictionary (5th ed. 1979), p. 811; Webster's Third New International Dictionary
(1967), p. 1291. On the other hand, the term `each Legislature' is commonly understood to refer to a particular embodiment of that legislative body during which the members remain basically the same throughout. For example, it is common to refer to `the Eighty-Eighth Legislature' meaning that particular embodiment of the Legislature that met for sessions in 1983 and 1984. This is distinguished from `the Eighty-Seventh Legislature,' that particular legislative body which held sessions in 1981 and 1982. And so on.
Of course, under the scheme of Article III, Section 7 each member of the Legislature is elected for a four year term, with approximately half of the members being elected every two years. Therefore, a particular embodiment of the Legislature in which all the members are the same (except for resignations, deaths, etc.) can last for only two years at the most.
It is a well-established principle in interpreting constitutional language that words used in the Constitution should be given their ordinary and common meaning. The language in the Nebraska Constitution should be given the meaning which obviously would be accepted by a layman. See,American Federation of State, County and Municipal Employeesv. Department of Public Institutions, 195 Neb. 253, 257,237 N.W.2d 841 (1976); School District of Seward EducationAssociation v. School District of Seward, 188 Neb. 772,778, 199 N.W.2d 752 (1972).
We believe that the ordinary and common meaning of the term `each Legislature' is different from the ordinary and common meaning of the term `the Legislature.' As discussed above, in common usage, `the Legislature' refers generally to that body of government having legislative powers; while, in common usage, `each Legislature' refers to each particular embodiment of that body lasting for two years. Accordingly, under Article III, Section 22, each particular embodiment of the legislative body as it exists for two years has the power and the duty to `make appropriations for the expenses of the Government.'
Since each Legislature has the power and duty of make appropriations, it is obvious that the preceding Legislature cannot make appropriations to last longer than the end of the fiscal year ending during the first calendar year in which the succeeding Legislature holds its session. Otherwise the earlier embodiment of the Legislature could end up binding the later embodiment of the Legislature with regard to appropriations in contravention of Article III, Section 22. In other words, the particular embodiment of the Legislature meeting in 1985 and 1986 cannot make appropriations lasting longer than the end of the fiscal year in 1987,i.e., June 30, 1987. Neb.Rev.Stat. § 84-701 (Reissue 1981).
While Article III, Section 22 does not make reference to appropriations not extending past the end of the fiscal year in which the next Legislature first meets, we have selected that date as a practical matter since it allows for continuing government operations while the new Legislature has time to organize, study and make appropriations for the next fiscal year. To state that appropriations could last only until the new Legislature commences its first session would be impractical and contrary to established practice. The Constitution, of course, must be construed as a whole and should be interpreted with reference to established laws, usages and customs at the time of its adoption. Dwyerv. Omaha-Douglas Public Building Commission, 188 Neb. 30,36, 195 N.W.2d 236 (1972). A provision in the Constitution must be given an interpretation which appears best calculated to effectuate the design of the Constitution. Stateex rel. School District of Scottsbluff v. Ellis, 168 Neb. 166,171, 95 N.W.2d 538 (1959). The interpretation that, under Article III, Section 22, the new Legislature makes appropriations which start at the beginning of the first full fiscal year after that Legislature first meets comports with established usage and the overall design of Article III, which calls for each new embodiment of the Legislature to commence its work in January of odd-numbered years. Article III, Section 10; Article III, Section 7. In reading the Constitution as a whole, this interpretation seems most appropriate and in keeping with the intent of the voters in adopting the 1972 amendment to Article III, Section 22.See, State ex rel. Douglas v. Beermann, 216 Neb. 849, 860,347 N.W.2d 297 (1984).
In summary, it is our opinion that Article III, Section22 of the Nebraska Constitution allows any particular Legislature to appropriate on an annual or biennial or any other basis. It does not, however, allow appropriations extending past the end of the fiscal year ending during the next upcoming odd-numbered calendar year. As currently defined by statute the fiscal year ends on June 30, so that appropriations by the Eighty-Ninth Legislature could not extend beyond June 30, 1987.
Sincerely,
A. EUGENE CRUMP Deputy Attorney General
Charles E. Lowe Assistant Attorney General