ANNA W. SHEIBLEY, ADMINISTRATRIX, APPELLANT, V. GEORGE L. NELSON, APPELLEE.

FILED FEBRUARY 20, 1909. No. 15,364.

Abatement: ACTION FOR LIBEL. Under the provisions of sections 455 of the code, a pending action for libel does not abate by the death of the plaintiff.

APPEAL from the district court for Cedar county: ANSON A. WELCH, JUDGE. *Motion to revive sustained.*

*W. E. Gant,* for appellant.

*J. J. McCarthy* and *J. V. Pearson, contra.*

LETTON, J.

This is an action for libel. The result of a trial in the district court was a judgment dismissing the plaintiff's action. From this judgment the plaintiff appealed to this court. After the appeal had been duly lodged the plaintiff

died, and the cause is now pending upon a motion to revive the same in the name of his personal representa-. tive. The defendant objects to the revivor, and contends that the cause of action is strictly personal in its nature and does not survive, and that the pending action abated with the death of the plaintiff. The provisions of the code of civil procedure which relate to the subject of survivor and abatement of actions are as follows:

"Section 454. In addition to the causes of action which survive at common law, causes of action for *mesne* profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought notwithstanding the death of the person entitled or liable to the same.

"Section 455. No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, for a nuisance, or against a justice of the peace for misconduct in office; which shall abate by the death of the defendant."

The latter section has heretofore been considered by this court in *Webster v. City of Hastings,* 59 Neb. 563. This was an action for personal injuries occasioned by the negligence of the city. The plaintiff had an action for damages pending at the time of his death. The court said, SULLIVAN, J.: "The section quoted declares, in plain terms, that suits instituted to redress a particular class of wrongs, among them being certain injuries to the person and reputation, shall abate by the death of the defendant, but that no other pending action shall abate for any cause. * * * To sustain the contention of counsel for the city, that the death of a party abates all pending actions except those brought for the vindication of some right covered by the provisions of section 454 of the code, would be to annul completely the provisions of section 455." See, also, *Cleland v. Anderson,* 66 Neb. 252. This section has also been considered by the supreme court of Ohio in the case of *Alpin v. Morton,* 21 Ohio St. 536; it

having formed a part of the Ohio civil code at that time. The court says: "This section does not enlarge the number of causes of action which survive where no action has been commenced. But if the action is *pending*, for whatever causes, it prevents its abatement by the death of either party, unless it be an action for one of the causes enumerated in the section, and as to them it does not abate, except by the death of the defendant. It seems to have been the purpose of the section to provide that the defendant in no case whatever should gain a case by the death of his adversary, although if the plaintiff's case be one of those enumerated he may be defeated by the death of the defendant." *Baltimore & O. R. Co. v. Joy*, 173 U. S. 226.

Section 463 of the code provides: "Upon the death of the plaintiff in an action, it may be revived in the names of his representatives, to whom his right has passed. Where his right has passed to his personal representative, the revivor shall be in his name; where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names."

In *Schmitt & Bro. Co. v. Mahoney*, 60 Neb. 20, it was held that the provisions of this section are applicable to cases pending in the supreme court. Construing these sections together, we think it clear that the pending action did not abate by the death of the plaintiff and that the case should be revived in the name of his administrator. The motion is therefore

                                        SUSTAINED.