Holmberg v. Holmberg.

---

PETER HOLMBERG, APPELLEE, V. AUGUSTA HOLMBERG, APPELLANT.

FILED JULY 20, 1921. No. 21555.

1. **Divorce**: ABATEMENT. Where a divorce was granted and one of the parties died before the expiration of six months thereafter, such divorce decree never became effective, and as to such divorce the action abated.

2. ———: ALIMONY: DEATH OF PARTY. In such action, where, as a part of the decree, alimony was allowed and fully paid before the death of the party, the alimony judgment was not affected by the death of the party, and the court has no power to vacate the judgment or dismiss the action.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Affirmed.*

*Lambert, Shotwell & Shotwell,* for appellant.

*John W. Battin, contra.*

Heard before LETTON, DAY and DEAN, JJ., GOOD and RAPER, District Judges.

RAPER, District Judge.

Peter Holmberg, plaintiff, filed in the district court for Douglas county a petition for divorce against his wife, Augusta Holmberg. Summons was duly served on the defendant, and she appeared and filed an answer and cross-petition. The cause was tried, and on October 24, 1919, a decree of divorce was entered in favor of plaintiff, with an award of $450 alimony and $50 attorney's fees for defendant, which sums plaintiff paid on the day the decree was entered, and the defendant received the same.

The plaintiff, Peter Holmberg, died on the 12th day of December, 1919, before the divorce became operative under section 1606, Rev. St. 1913. Afterwards, and within six months from the date of the decree, the defendant filed a petition in the case, asking that the decree of divorce be vacated and action dismissed. A hearing was had on this petition, and the court found against defendant and refused to vacate the divorce decree or dismiss the action. From this order she appealed.

It is the contention of the appellant that, after the entry of a decree of divorce, the status of the proceedings, within six months, is that of a pending action and abates on the death of either party. Under section 1421, Rev. St. 1913, "All actions and suits which may be pending against a deceased person at the time of his death may, if the cause of action survives, be prosecuted to final judgment, and the executor or administrator may be admitted" as a party to such proceeding. The general rule in the United States is that a suit does not abate on the death of either party after a verdict or decision by the court, or of entering of an interlocutory judgment, when the cause of action survives. But where the cause of action does not survive, the action abates as if the death had occurred before the verdict or interlocutory judgment or decision, unless saved by a statute.

An action for divorce does not survive. The purpose of the action being to dissolve the marriage relation, and that relation being dissolved by death, the proceedings

after the death of one of the parties would be useless and of no avail. Where, however, property rights are involved and a judgment for alimony or determining the separate property rights between the parties has been had in the case, the cause generally will survive as to such matters. 1 C. J. 208, sec. 404; 1 R. C. L. 39, sec. 35.

The alimony judgment having been duly entered was valid, and, as it was at once satisfied, it is at an end, and the court is without power, in a proceeding like this, to modify, vacate, dismiss, or expunge it. There is nothing there to abate or revive.

Section 1606, Rev. St. 1913, provides that the decree of divorce shall not become operative for six months after trial and decision, except for purpose of review or appeal, and if no such proceedings have been instituted the district court may at any time within six months vacate or modify its decree. The cause of action for divorce not surviving, it abated at the death of the husband.

The ultimate purpose of the requested vacation of the divorce decree is to establish the defendant's property rights as the widow of the deceased plaintiff in his estate. All the avenues are open for the determination of such rights in the proper courts, where all the parties affected can be heard, and in such tribunals she can establish her status as the widow of the deceased plaintiff. *Chase v. Webster*, 168 Mass. 228; *Matter of Crandall*, 196 N. Y. 127, 17 Ann. Cas. 874; *Estate of Seiler*, 164 Cal. 181, Ann. Cas. 1914B, 1093.

The action of the district court is

AFFIRMED.