MARY ANN KEEFE, INCOMPETENT, APPELLANT, V. MILLEDGE
F. GRACE ET AL., APPELLEES.

6 N. W. (2d) 59

FILED OCTOBER 30, 1942.   No. 31495.

*Harold A. Prince* and *Thomas W. Lanigan,* for appellant.

*H. G. Wellensiek* and *A. J. Luebs, contra.*

Heard before SIMMONS, C. J., EBERLY, CARTER, MESS-MORE and YEAGER, JJ.

EBERLY, J.

This action was commenced by William P. Mullen, as guardian duly appointed by the probate court of Hall county, Nebraska, and also as next friend of Mary Ann Keefe, in the district court for Hall county on November 14, 1941, against the grantees of two warranty deeds, and others, such deeds being executed by Mary Ann Keefe and purporting to convey to the grantees therein set forth certain valuable farm lands in Hall county, Nebraska. These deeds were executed on March 12, 1934, and were recorded on March 14, 1934. It is alleged that the execution of such deeds was secured by fraud and imposition practiced by and for the benefit of the grantees named upon Mary Ann Keefe, an incompetent, and then "approximately 81 years of age." Issues were joined and trial was had to the district court, and on June 4, 1942, a decree was entered wherein that court "finds generally in favor of the defendants and each of them, and against the plaintiff." Plaintiff's motion for a new trial was overruled on June 6, 1942. Thereupon Mary Ann Keefe, an incompetent, by William P. Mullen, her guardian and next friend, on June 20, 1942, filed notice of intention to appeal to the supreme court, and on August 31, 1942, filed appeal bond which was duly approved. The transcript on appeal was duly filed in the office of the clerk of the supreme court on September 8, 1942. It appears that Mary Ann Keefe, late of Hall county, Nebraska, departed this life on June 23, 1942. On September 14, 1942, there was filed in this cause in the supreme court of Nebraska, by R. Frederick Sinkbeil, as special administrator of the estate of Mary Ann Keefe, deceased, suggestion of the death of Mary Ann Keefe, with his motion that said cause may be revived in the name of R. Frederick Sinkbeil, special administrator of the estate of Mary Ann Keefe. Notice of the pendency of this motion was served only on H. G. Wellen-siek and A. J. Luebs, attorneys for appellees. Thereupon

appellees by special appearance challenged the sufficiency of the service of the notice.

It will be conceded, of course, that "The death of the ward necessarily terminates the guardianship, and thereupon all powers and duties of the guardian cease, except the duty, which remains, to make a proper accounting and settlement in the probate court." 28 C. J. 1096. This, of course, necessitates revivor of the action by the proper parties.

Sections 20-1406 and 20-1407, Comp. St. 1929, provide for a revivor by motion. Also, section 20-1406 provides for the revivor of actions by conditional order. Section 20-1408 provides if the revivor is not made by consent the conditional order "shall be served in the same manner, and returned within the same time, as a summons, upon the *party adverse* to the one making the motion."

Section 20-1912, Comp. St. Supp. 1941, provides, in part, for "a notice of intention to prosecute such appeal signed by the appellant * * * or his * * * attorney of record, and by depositing with the clerk of the district court the docket fee required by law in appeals to the supreme court. An appeal shall be deemed perfected, and the supreme court shall have jurisdiction of the cause, when such notice of appeal shall have been filed and such docket fee deposited in the office of the clerk of the district court," etc.

These preliminary prescribed steps in taking the appeal in this matter are unchallenged. So, accepting the situation as thus presented by the record, we deem the appeal properly lodged in this court before the death of the ward.

It appears that the provisions of the Civil Code relative to abatement and revivor of actions are applicable to revivor of actions in this court. *Schmitt & Bro. Co. v. Mahoney,* 60 Neb. 20, 82 N. W. 99; *Sheibley v. Nelson,* 83 Neb. 501, 119 N. W. 1124. However, in *Missouri P. R. Co. v. Fox,* 56 Neb. 746, 77 N. W. 130, we held:

"When a revivor of an action is sought by conditional order, the hearing in pursuance thereof is the proper occasion to try the right of the successor in whose name revivor is at-

tempted. By the absolute order that matter becomes *res judicata* and cannot be retried with the case on its merits.

"Service of a conditional order of revivor must be in the same manner as a summons, and it seems that service upon the attorney of record is insufficient unless a summons may be so served."

In the opinion in such *Fox* case, it was stated:

"Under our system of practice, where a party dies or his authority as a representative ceases, two methods of revivor coexist. A conditional order of revivor may issue and be served and the order made final, unless cause be shown against it, or the court may substitute the new party and supplemental pleadings may be filed and summons served. *Fox v. Abbott,* 12 Neb. 328; *Rakes v. Brown,* 34 Neb. 304, 312."

It will be noted that no supplemental pleadings were filed in this case and no conditional order was issued and served herein. It would seem that this court is without jurisdiction to revive this proceeding at the present time because of lack of proper service, and also because the procedure is not instituted by proper and necessary parties in interest.

In addition, in *Urlau v. Ruhe,* 63 Neb. 883, 89 N. W. 427, we held: "When a party to an appellate proceeding dies, and his interest in the litigation passes to his heirs, the heirs are necessary parties to the proceeding."

Also, in *Vogt v. Binder,* 76 Neb. 361, 107 N. W. 383, the rule was announced: "Proceedings to revive a judgment should not be had in the name of an administrator, except where the administrator has succeeded to the rights of the decedent."

In the instant case the action sought to be revived involved solely the legality of certain deeds. No claim is made that the action was necessary to provide funds for the payment of debts and claims against the estate. We are inclined to the view that, upon the death of Mary Ann Keefe, the incompetent ward, any title to real estate involved which was vested in her passed to her heirs or devisees, and the special administrator appointed after her death, under

these circumstances, was wholly without power or right to maintain the action.

It is, therefore, ordered that the challenge to the jurisdiction of this court to revive this action in this proceeding at this time be sustained, and the motion to revive presented by R. Frederick Sinkbeil, as special administrator of the estate of Mary Ann Keefe, deceased, be denied.

MOTION TO REVIVE DENIED.