EDWARDS, Judge.
Elizabeth Thames Pierce, a tenured faculty member with twenty-three years experience, brought suit against the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Martin D. Woodin, President, and Paul W. Murrill, Chancellor of the Baton Rouge campus, hereinafter collectively LSU.
Mrs. Pierce prayed for:
1. A declaratory judgment that plaintiff could not be dismissed without hearings conducted as required by the Administrative Procedures Act, R.S. 49:951-966.
2. A declaratory judgment that all hearings held by LSU be public pursuant to R.S. 42:4.1-42.10 and Art. XII, Sec. 3 of the Louisiana Constitution of 1974.
3. A declaratory judgment that only the Board of Supervisors of LSU had the *466 authority to terminate plaintiff and only if hearings providing full due process protection were conducted.
4. A preliminary injunction restraining LSU or its agents from conducting dismissal hearings relative to the plaintiff unless such hearings were conducted pursuant to R.S. 49:951-966, R.S. 42:4.1-4.10 and Art. XII, Sec. 3 of the Louisiana Constitution of 1974.
Alternatively, Mrs. Pierce prayed for:
5. A writ of mandamus instructing LSU that if dismissal hearings regarding Mrs. Pierce were to be instituted in a manner not pursuant to R.S. 49:951-966, R.S. 42:4.1-4.10 and Art. XII, Sec. 3 of the Louisiana Constitution of 1974, then LSU should show cause why they should not adopt a general code of administrative procedures to govern hearings involving faculty termination and should defer termination proceedings against Mrs. Pierce until such code be adopted.
6. Final judgment perpetuating either the preliminary injunction or the writ of mandamus.
LSU answered and filed exceptions of prematurity and no cause of action. After a hearing on the rule for a preliminary injunction, both defendant’s exceptions were sustained. Mrs. Pierce filed a timely devolutive appeal.
LSU filed a motion to dismiss the appeal for mootness. The motion’s basis was a series of documents and communications, all of which came into existence after the trial court ruling.
At first, this court erroneously took the documents into consideration and granted LSU’s motion to dismiss.[1] On rehearing, we adhered to the long established principle that appellate courts may not receive new evidence, reversed ourselves arid denied the motion to dismiss.[2]
For two reasons, we denied LSU’s subsequent motion to remand for the taking of further evidence. First, because Mrs. Pierce remained a faculty member and was negotiating with LSU over her status, new evidence which might change the posture of her case would not be conclusive and might lead to possible future repeated requests for remand which would delay a final determination on the merits. Second, the only real issue was whether, based on the facts as they stood at the time of judgment, the trial court’s sustaining of LSU’s exceptions of prematurity and no cause of action was proper.
Before we could hear the appeal on its merits, Mrs. Pierce died. Her legal representatives, A. Clay Pierce, Jr., and Mrs. Caroline Pierce Cooper, were made parties appellant.
LSU filed a motion to dismiss the appeal on the ground that plaintiff-appellant’s action abated at her death. Since the motion was filed only four days before oral argument on the merits was scheduled, both issues were heard together. We find that plaintiff-appellant’s action abated with her death and that her legal representatives have no independent standing to contest the suit. Therefore the appeal is dismissed.
Appellants urge that the suit consists of two separate causes of action:
1) a private action, some elements of which are strictly personal and therefore abated at plaintiff’s death and some which are not strictly personal and which may be pursued by plaintiff’s legal representatives under the authority of LSA-C.C.P. Art. 428, which provides
“An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal.”
2) a taxpayers’ action, bearing upon the public interest regarding the obligation of LSU and brought by plaintiff as a representative of all taxpayers.
*467 Appellants list six widely ranging and possibly financial matters, allegedly heritable, which “could be” affected by a decision on the merits. Mrs. Pierce sought relief in none of these matters. Whatever claims plaintiff had, or her heirs may still have, in these areas, is in no way affected by abatement of this action. The only relief sought by plaintiff was declaratory, injunctive and mandatory. Her purely personal interest in such relief died with her.
Appellants’ argument that they represent plaintiff in a taxpayers’ action is without merit. Mrs. Pierce brought no suit as a taxpayer. Furthermore, even if Mrs. Pierce, because of her employment at LSU, had personal standing to bring such an action, her heirs, as mere taxpayers, clearly do not.
Absent a special and individual interest, a citizen, though a taxpayer, has no standing to champion a cause pertaining to the population at large. Governmental institutions in general, and in this case, LSU in particular, may not be forced to defend broad and open-ended actions such as the present one, on the basis that some taxpayer, any taxpayer, wants to know what the institution’s duties would be in a future and purely hypothetical case. League of Women Voters of New Orleans v. City of New Orleans, 381 So.2d 441 (La.1980).[3]
The motion to dismiss is sustained. Plaintiff-appellant’s suit is hereby dismissed. All costs of these proceedings, both trial and appellate, are to be paid by A. Clay Pierce, Jr., and Mrs. Caroline Pierce Cooper.
APPEAL DISMISSED.

. 392 So.2d 460 (La.App. 1st Clr. 1979).

. Docket No. 13,017 (La. App. 1st Cir. March 31, 1980).

. The issue of whether a Louisiana taxpayer, as such, absent a special interest, has standing to sue a governmental institution, seems unsettled. League of Women Voters, supra, appears to conflict with and overrule the following: Stewart v. Stanley, 199 La. 146, 5 So.2d 531 (1941); Woodard v. Reily, 244 La. 337, 152 So.2d 41 (1963); Upper Audubon Association v. Audubon Park Commission, 329 So.2d 206 (La. App. 4th Cir. 1976), writ denied 333 So.2d 240 (La. 1976). Whether a Louisiana taxpayer must meet the two-pronged test of Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), or whether the taxpayer’s hurdle is lower, and, if so, to what degree, is not certain. What is certain is that under League of Women Voters, the Louisiana Supreme Court’s latest pronouncement on the subject, appellants do not have standing.