MARY JO ELLIS, REGISTER OF DEEDS, APPELLEE, V.
THE COUNTY OF SCOTTS BLUFF, NEBRASKA, ET AL.,
APPELLANTS.

315 N.W.2d 451

Filed January 29, 1982.  No. 43786.

Wright & Simmons for appellants.

Raymond, Olsen & Coll, P.C., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, and HASTINGS, JJ., and CAPORALE, District Judge.

CAPORALE, District Judge.

In this appeal from a declaratory judgment we find that no justiciable controversy exists. We thus reverse with directions to dismiss the action.

Mary Jo Ellis (Ellis), the plaintiff-appellee, is the duly elected register of deeds of Scotts Bluff County. The defendants-appellants are said County, its Board of Commissioners, and the Board's individual members. Hereafter, they shall be referred to collectively as Board.

On August 4, 1976, the then Board established a policy of "not approving claims for expenses for attendance at National Association of County Officials Conventions" and "allowance for expenses for attending out of State meetings by any County personnel must be approved prior to departure."

On July 13, 1979, Ellis submitted a proposed budget for the fiscal year beginning July 1, 1979, which included amounts for attendance at a National Association of County Officials (NACO) convention outside of Nebraska. On July 14, 1979, Ellis, without obtaining prior Board approval, departed for a NACO convention held at Kansas City, Missouri. Thereafter, on or about July 26, 1979, Ellis presented a claim in the amount of $412.80 as reimbursement for expenses incurred in attending the convention. On August 6, 1979, the Board rejected Ellis' claim and set an August 14, 1979, hearing on the County's budget for the 1979 fiscal year. On August 21, 1979, the Board reduced Ellis' proposed

budget by $412.80, but otherwise approved the budget. On August 27, 1979, the Board reversed its prior position, approved the Ellis claim, and paid it in full. The record is silent as to whether Ellis' budget for fiscal year 1979, as approved, was in excess of, less than, or equal to her office's expenditures.

Thereafter, Ellis sought a declaration that the Board's action reducing her budget by the amount of her claim was arbitrary, capricious, and an "undue interference" in the management of her department. She prayed for an order reinstating $412.80 to her 1979 fiscal year budget.

On September 17, 1980, the trial court declared the Board had acted in violation of its budget-making authority and ordered "restoration" of $412.80 to Ellis' budget for the 1980 fiscal year.

Our first inquiry must be whether this case, in its present posture, presents a justiciable issue, for the existence of such an issue is a fundamental requirement to a court's exercise of its discretion to grant declaratory relief.

The most recent of our statements in this regard is found in *Stahmer v. Marsh*, 202 Neb. 281, 275 N.W.2d 64 (1979), which held that inasmuch as plaintiffs could not show they would be benefited by a declaration that certain school laws were invalid, no justiciable issue existed as they had no legally protectible interest or right in the controversy and, thus, had no standing to sue. Likewise, in *Nebraska Seedsmen Assn. v. Department of Agriculture & Inspection*, 162 Neb. 781, 77 N.W.2d 464 (1956), we held that an organization which was not itself engaged in labeling had no interest entitling it to obtain an interpretation of a labeling law. The dispositions in both *Stahmer* and *Seedsmen* can be said to rest on the fact that plaintiffs lacked standing. Yet, the lack of a legally protectible interest or right bears as much on the absence of a justiciable issue as it does on the standing of the plaintiffs.

Cases in which we have found the existence of a

justiciable issue are more instructive. *Metropolitan Utilities Dist. v. City of Omaha*, 171 Neb. 609, 107 N.W.2d 397 (1961), declared the validity of an ordinance and contract adopted thereunder which provided that a utilities district could collect sewer usage fees and remit them to the city. In *Graham v. Beachamp*, 154 Neb. 889, 50 N.W.2d 104 (1951), we found a justiciable issue to exist and declared the rights of an incompetent to certain cattle where a dispute with respect thereto existed between the incompetent and her husband. A justiciable issue existed in *Noble v. City of Lincoln*, 153 Neb. 79, 43 N.W.2d 578 (1950), which concerned the disposition of public funds and property arising under a proposed election to amend a city charter so as to render for naught the outlay of prior expenditures in the purchase of a site on which to build a city auditorium. *Nebraska Mid-State Reclamation District v. Hall County*, 152 Neb. 410, 41 N.W.2d 397 (1950), adjudicated the validity of certain laws and taxes levied under them. *State ex rel. Smrha v. General American Life Ins. Co.*, 132 Neb. 520, 272 N.W. 555 (1937), declared that a successor insurance company was not liable for taxes which had not been paid by its predecessor and that the successor's certificate of authority should not be revoked if the taxes were not paid. In each of the above-cited cases there was a present, substantial controversy between parties having adverse legal interests susceptible to immediate resolution and capable of present judicial enforcement.

The issues as framed in the case before us concern themselves only with the fiscal or budget year from July 1, 1979, through June 30, 1980. As noted earlier, the record does not reflect the status of Ellis' funds at the close of that fiscal year. Nor is there any judicially enforceable remedy which might be imposed at this time with respect to that fiscal year. Notwithstanding the stated policy of the Board with respect to NACO conventions and the need for prior approval of proposed expenditures for travel out of Nebraska, the fact of the

matter is, that policy was not applied to Ellis. The only claim she submitted for out-of-state travel to a NACO convention was paid in full. Under such circumstances, there is no present controversy susceptible to immediate resolution and capable of present judicial enforcement. Any pronouncement by us under the facts presented would merely give advice as to how and under what set of circumstances and facts the Board's policy should be applied, if at all, in the future. This court can only declare the law and its application to a given set of facts when a justiciable controversy is presented for determination. It is not empowered to render advisory opinions. *State ex rel. Nebraska Nurses Assn. v. State Board of Nursing*, 205 Neb. 792, 290 N.W.2d 453 (1980); *American Fed. of S., C. & M. Emp. v. State*, 200 Neb. 171, 263 N.W.2d 643 (1978).

The case at hand fails to present a justiciable controversy. Accordingly, the judgment of the trial court is reversed and the cause remanded with directions to dismiss the action.

REVERSED AND REMANDED WITH DIRECTIONS.