VRANA PAVING COMPANY, A CORPORATION, APPELLEE, V. CITY OF OMAHA, NEBRASKA, APPELLANT.

369 N.W.2d 613

Filed June 28, 1985.   No. 83-694.

Herbert M. Fitle, Omaha City Attorney, and Robert J. Hamer, for appellant.

Frederick S. Cassman of Abrahams, Kaslow & Cassman, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The appellee, Vrana Paving Company, instituted this action in the district court for Douglas County, Nebraska, pursuant to the provisions of the Nebraska Uniform Declaratory Judgments Act, Neb. Rev. Stat. §§ 25-21,149 et seq. (Reissue 1979). By its petition Vrana sought a declaration that chapter 55 of the Omaha Municipal Code was unconstitutional and void if applied to prohibit it from operating a portable concrete mixing plant used in its street paving projects. Additionally, Vrana sought an injunction against the city from enforcing the provisions of chapter 55 against it.

Following trial, the district court for Douglas County found that the application of the ordinances to prohibit Vrana's use of premises for temporary operation of its batch plant was not a proper exercise of the city's police powers, bearing no substantial relation to and not reasonably necessary for the public health, welfare, safety, or morals. The court further found that the operation of the batch plant was not of a permanent character and that the intent of chapter 55 of the Omaha Municipal Code was to prevent a permanent use of premises not zoned for such use, not to prevent a temporary or occasional use necessary for the conduct of an otherwise lawful activity. The court therefore enjoined the city from enforcing the ordinances in connection with the temporary operation of the batch plant, provided that the plant was used for production of concrete for use within 1 mile of its location and would not remain in its location for more than 180 days.

The city has now appealed, alleging that the district court

erred in finding that application of the City of Omaha's zoning ordinances to the use of Vrana's portable plant for a period of 180 days or less was unconstitutional in not being a proper exercise of the police power and bearing no substantial relation to, and not reasonbly [sic] necessary for, the public health, safety, morals, or welfare.

The city further argues that the district court erred in not finding that Vrana's plant, a portable, temporary enterprise, must conform to zoning district regulations or be limited to the parcel of property on which its product is ultimately placed, and further erred in not finding that the allowance of such use without regard to other nearby uses would constitute an arbitrary and invalid portable or floating spot zone. Furthermore, the city maintains that the district court erred in finding that the zoning ordinances of the City of Omaha, chapter 55 of the Omaha Municipal Code, were not intended to apply to certain temporary uses such as Vrana's plant.

Before attempting to consider the assignments of error raised by the city, we believe a more basic issue must be addressed. Vrana sought to have the district court declare that chapter 55, *in its entirety*, as applied to its temporary use and operation of a batch plant in connection with its paving and construction

activities and as applied to the real estate upon which said plant is located, was unconstitutional and "in violation of Sections 1 and 2 of the Constitution of the State of Nebraska as well as Article XIV of the Constitution of the United States . . . ." The district court did not determine that chapter 55 was unconstitutional in its entirety. Rather, it found "that Chapter 55 of the Omaha Municipal Code cannot be constitutionally applied to prohibit Vrana's use of premises for the temporary operation of its portable batch plant . . . ." The district court then enjoined the city from enforcing the provisions of chapter 55 against Vrana's temporary operation of a portable batch plant, so long as the batch plant was not more than 1 mile from where the concrete was to be used and did not remain in that location for more than 180 consecutive calendar days.

The difficulty with all of this is that the parties did not introduce into evidence all of chapter 55 of the Omaha Municipal Code, and neither the district court on trial of the matter nor this court on appeal has before it chapter 55 in its entirety. All that was offered in evidence at the trial was a portion of chapter 55, consisting of "ARTICLE I. DEFINITIONS," "ARTICLE II. DISTRICT REGU-LATIONS," and articles XXVII through XXXI, XXXX[XL], XXXXI[XLI], and a part of XXXXII[XLII]. Articles XXVII through XXX cover various industrial districts in which operation of the batch plant would apparently be permitted. Those portions of chapter 55 covering residential or commercial zones were not offered. We therefore have no way of knowing what, if any, conditions are imposed upon Vrana when attempting to place its portable batch plant on land zoned residential or commercial.

This court has repeatedly held that we will not take judicial notice of municipal ordinances not properly made a part of the record. See, *Smith v. City of Omaha, ante* p. 217, 369 N.W.2d 67 (1985); *State v. Austin,* 219 Neb. 420, 363 N.W.2d 397 (1985); *State v. Hatfield,* 218 Neb. 470, 356 N.W.2d 872 (1984). The reason for the rule in this case is obvious. Without knowing what the rights or duties of a citizen are as provided in chapter 55 of the Omaha Municipal Code, we are unable to determine whether Vrana's constitutional rights are being violated.

We do not believe that the district court could properly determine what the intent of chapter 55 of the Omaha Municipal Code is when it did not have before it all of chapter 55, including those sections pertaining to the residential and commercial areas where Vrana wished to place its batch plant, in apparent violation of the Omaha city ordinances.

Courts of this state do not render advisory opinions, but simply decide cases and controversies. See, *Ellis v. County of Scotts Bluff*, 210 Neb. 495, 315 N.W.2d 451 (1982); *State ex rel. Nebraska Nurses Assn. v. State Board of Nursing*, 205 Neb. 792, 290 N.W.2d 453 (1980). Without the benefit of the ordinance, neither the district court nor this court is in a position to declare the rights of the parties under the ordinance, as requested by Vrana, any more than a court could declare the rights of parties to a contract without benefit of the contract. The decision of the district court is reversed and the cause remanded with directions to dismiss Vrana's petition.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.