■ GARY SMITH et al., Individually and as Parents of BRENDAN SMITH, Deceased, Respondents, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER, Appellant.—In an action, *inter alia,* to recover damages for emotional distress, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated April 20, 1984, which denied its motion to dismiss the complaint for failure to state a cause of action.

Order reversed, on the law, without costs or disbursements, motion granted, and complaint dismissed.

The plaintiffs are the parents of an infant boy named Brendan who was born on March 16, 1981, admitted to the defendant hospital suffering from a form of leukemia on December 14, 1981, and died on January 29, 1982.

On January 4, 1982, approximately three weeks prior to the infant's death, an article appeared in *Newsday*, which was read by the plaintiffs. In that article, an unidentified nine-month-old infant in the defendant's pediatric intensive care unit was described as "doomed", suffering from "incurable" leukemia, and "beyond help". Although the article did not identify the infant by name, the plaintiffs recognized the child referred to in the article as their son Brendan, and apparently learned, for the first time, the true nature of their child's condition.

In October 1983, approximately 21 months after the infant's death, the plaintiffs saw photographs of their child displayed in the defendant hospital and in a shopping center as part of a campaign advertising the opening of defendant's new children's hospital. The plaintiffs thereafter commenced the instant action against the defendant hospital, seeking injunctive relief with respect to the photograph based on the "unlawful use and distribution [of the photographs] for advertising purposes" and compensatory and punitive damages based on the defendant hospital's improper use of the photograph and improper disclosure of the infant's medical condition to the press.

The defendant thereafter moved to dismiss the complaint. In support of the motion, the defendant argued that the publication of the infant's photograph for advertising purposes as alleged in the complaint constituted a violation of the infant's right to privacy pursuant to the New York State Civil Rights Law and that this cause of action, which was "purely personal", did not survive the infant's death. In addition, the defendant argued that the plaintiffs could not recover for mental and emotional injuries resulting from their viewing of their deceased child's photograph.

Special Term held, and correctly so, that the complaint failed to state a cause of action under Civil Rights Law §§ 50, 51 because a cause of action under those statutes, based upon the invasion of the infant's privacy, belonged to the infant alone and was extinguished upon the infant's death *(see, Rosemont Enters. v Random House,* 58 Misc 2d 1, *affd* 32

AD2d 892; *Matter of Rome Sentinel Co. v Boustedt,* 43 Misc 2d 598). However, Special Term was of the view that the complaint contained "sufficient allegations to establish causes of action against defendant for negligent and/or intentional infliction of emotional distress" based on the defendant's disclosure to *Newsday* of the nature of the infant's physical condition and the publication of the infant's photograph. Accordingly, Special Term denied the defendant's motion to dismiss the complaint, stating that: "A motion to dismiss for failure to state a cause of action, addressed to the complaint as a whole, must be denied in its entirety upon a determination that one of the causes of action asserted by plaintiffs is legally sufficient" (citing *Samaras v Gatx Leasing Corp.,* 75 AD2d 890).

There is no valid cause of action stated in the complaint, and Special Term thus erred in failing to dismiss the entire complaint.

It has been consistently held "that there is no duty to protect from emotional injury a bystander to whom there is otherwise owed no duty" *(Kennedy v McKesson Co.,* 58 NY2d 500, 506; *see, Johnson v Jamaica Hosp.,* 62 NY2d 523; *Lafferty v Manhasset Med. Center Hosp.,* 54 NY2d 277; *Tobin v Grossman,* 24 NY2d 609, 613). The defendant's improper publication of the infant's photograph for advertising purposes, and its improper disclosure of confidential medical information regarding the infant, as alleged in the complaint, constituted invasions of the infant's statutory rights to privacy *(see,* Civil Rights Law § 50; Public Health Law § 2805-g; 10 NYCRR 405.25). However, these rights were personal to the infant, and cannot support an independent cause of action in favor of the plaintiffs herein for the negligent infliction of emotional harm *(see, Kennedy v McKesson Co., supra; Johnson v Jamaica Hosp., supra; Lafferty v Manhasset Med. Center Hosp., supra; Tobin v Grossman, supra).* We also note that the zone of danger rule which was adopted by the Court of Appeals in *Bovsun v Sanperi* (61 NY2d 219), and which served as the basis of a recovery for emotional distress in that case, is not applicable to the facts at bar.

Finally, the allegations in the complaint do not state a valid cause of action for either intentional infliction of emotional harm or prima facie tort *(see, Fischer v Maloney,* 43 NY2d 553; *ATI, Inc. v Ruder & Finn,* 42 NY2d 454). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.