GAS 'N SHOP, INC., PETITIONER, V. STATE OF NEBRASKA AND NEBRASKA LIQUOR CONTROL COMMISSION, RESPONDENTS.
451 N.W.2d 81

Filed January 26, 1990.    No. 89-807.

Donald L. Dunn and Kim M. Robak, of Rembolt Ludtke Parker & Berger, for petitioner.

Edwin C. Perry and Maureen A. Lauren, of Perry, Guthery, Haase & Gessford, P.C., for respondents.

William F. Austin, Lincoln City Attorney, and Joel D. Pedersen for amicus curiae City of Lincoln.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Petitioner, Gas 'N Shop, Inc., a Nebraska corporation, made application to this court for leave to commence an original action pursuant to Neb. Const. art. V, § 2. The application recited that the action was one for declaratory judgment, contending that 1989 Neb. Laws, L.B. 781 is unconstitutional.

This court informed the petitioner that the application for

leave to commence an original action would be considered when a stipulation by the Attorney General and the petitioner was received. The court further required that an agreed statement of facts accompany the petition. The stipulations were filed, and the court granted leave to commence the original action.

In its petition, Gas 'N Shop alleged that it was the holder of 24 liquor licenses for use in its convenience stores and was, at the time of its filing, an applicant for a 25th license. The petition alleged that L.B. 781 was unconstitutional for various reasons, all relating to the conditions of obtaining a license and the substantive and procedural rules for the revocation of a license.

There are no allegations of threatened or pending revocation of any liquor licenses in the application to commence an original action, the petition, or the stipulation of facts. As previously stated, the petition does recite a pending license application. However, at the time of the filing of the factual statement, the license had been granted and there was no pending action on the license.

It is now apparent that the case is moot. This court does not render advisory opinions, but simply decides cases and controversies. See *Vrana Paving Co. v. City of Omaha*, 220 Neb. 269, 369 N.W.2d 613 (1985).

The petition is dismissed.

PETITION DISMISSED.