MICHAEL FITZGERALD ET AL., APPELLEES,
V. HAROLD CLARKE, APPELLANT.
621 N.W.2d 844

Filed January 30, 2001.    No. A-99-798.

Don Stenberg, Attorney General, and Melanie J. Whittamore-Mantzios for appellant.

George L. Shepard & Leo Boerger, pro se.

HANNON, INBODY, and MOORE, Judges.

HANNON, Judge.

In this case, the State appealed from a May 18, 1999, order of the district court which ordered Harold Clarke, director of the Nebraska Department of Correctional Services, and those under his authority to not confiscate or remove from the possession of inmate Leo Boerger any eight-track tape, cassette tape, or compact disc which would not be contraband or excessive property under regulations existing prior to January 17, 1997, but which would constitute contraband under subsequent regulations. The appeal was duly perfected and was fully briefed and set for argument before this court. Shortly before the time for argument, this court learned that Boerger had died on February 13, 2000. To allow the State to determine its position and advise the court thereof, no further action was taken. The State has given notice that it opposes the dismissal of its appeal. We now consider the State's position and conclude that the appeal stands dismissed and cannot be revived.

## PROCEDURAL HISTORY

Michael Fitzgerald and several other inmates of the Nebraska State Penitentiary sued Clarke concerning a newly adopted regulation controlling inmates' personal property in the prison. The part of the regulation which was principally litigated was administrative regulation No. 204.1, dated February 13, 1997, which provides: "Each inmate may possess twenty-five (25) cassette tapes, eight track tapes or compact discs or a combination of cassette tapes, eight track tapes or compact discs not to exceed twenty-five (25)." The regulation further provides:

> Property in excess of that permitted in living quarters and not authorized for storage must be sent out of the institution by having it shipped/mailed to a location designated by the inmate, or by having it picked up and signed for at the institution by an approved visitor.

Eleven inmates brought the instant lawsuit, but all of them except Boerger were eventually dismissed as plaintiffs. Six plaintiffs remained at the time of trial. On April 19, 1999, the matter came on for trial and was thoroughly tried. At the end of the plaintiffs' evidence, the State moved to dismiss all claims by all of the plaintiffs except Boerger and argued that the evidence did not show that the other plaintiffs had established that they possessed more than 25· tapes, and that therefore they had no standing. The court denied the motion at that time.

The court specifically found in its subsequent written order that the action was not a class action, although the plaintiffs made an attempt to have it treated as such. The court further found that there was no evidence any plaintiff except Boerger possessed more than 25 tapes, that Boerger possessed 47 tapes, and that he had not sent any of them from the prison facility as required by administrative regulation No. 204.1. The court reconsidered the State's previous motion to dismiss and found that it was correct, and sustained the motion to dismiss as to the other plaintiffs' claims without prejudice "for lack of standing." None of the other plaintiffs appealed from the dismissal, and Boerger remained the only plaintiff in the action. The trial court found that the regulation concerning the tapes violated Boerger's constitutional rights and entered the following order:

**IT IS THEREFORE, HEREBY ORDERED, ADJUDGED, AND DECREED** that the Defendant and all those acting under his authority, direction, control or influence, shall not confiscate or remove from the possession of plaintiff Leo Boerger any eight-track tape, cassette tape or compact disc which would not be contraband or excessive property under the Administrative Regulations of the Department and Operative Memoranda of the Nebraska State Penitentiary in effect prior to January 17, 1997.

No judgment for costs was entered. The State appealed.

## INSTANT ACTION

The appellees' brief states that it was filed on behalf of Boerger and George L. Shepard. Shepard was one of the plaintiffs whose claim was dismissed earlier in the action. The coversheet of the brief states "George L. Shepard & Leo Boerger" under "Brief of Appellee," and the last page states that the brief was submitted by Shepherd and Boerger, and contains both of their signatures. The certificate of service is signed by Shepard; however, the appellees' brief contains no attempt by Shepard to cross-appeal from the order dismissing him as a plaintiff. Therefore, the only matter that was appealed to this court was the district court's order directing Clarke as aforesaid.

The State has filed a "Notice of Appellant's Position Regarding Rule 7C," see Neb. Ct. R. of Prac. 7C (rev. 2000), in which it seeks to have this court determine whether the Department of Correctional Services may constitutionally enforce administrative regulation No. 204.1 without compensating inmates for any reduction of their property. The State approaches the issue presented as one of mootness and cites *Elstun v. Elstun*, 257 Neb. 820, 600 N.W.2d 835 (1999); *Williams v. Hjorth*, 230 Neb. 97, 430 N.W.2d 52 (1988); and *State ex rel. Coulter v. McFarland*, 166 Neb. 242, 88 N.W.2d 892 (1958). These are cases in which the passage of time rendered the judgment appealed from moot and the Nebraska Supreme Court concluded it would decide the issues presented because the question involved was one of public interest. We find no authority in Nebraska where a cause was continued upon the death of a party pursuant to the public interest exception.

None of the cases cited by the State involve a situation where a litigant has died, and we do not believe they apply to a situation where the only plaintiff, who had prevailed in the trial court, died after the appeal was perfected.

## REVIVAL AND ABATEMENT

■ "Revival" is the term given to the procedure by which a new party, having a right to prosecute or defend a cause of action which survives the death of an original plaintiff or defendant, is substituted for the deceased party and the action is continued in the name of the substituted party. 1 Am. Jur. 2d *Abatement, Survival, and Revival* § 110 (1994). The State ignores clear statutory provisions for abatement and revival upon the death of a party in an action. Neb. Rev. Stat. § 25-1410 (Reissue 1995) provides:

> Upon the death of the plaintiff in an action, it may be revived in the names of his representatives, to whom his right has passed. Where his right has passed to his personal representative, the revivor shall be in his name; where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names.

■ The Nebraska Supreme Court held in *Keefe v. Grace*, 142 Neb. 330, 6 N.W.2d 59 (1942), that the provisions relative to abatement and revival of actions were applicable to cases in the appellate courts. See, also, *Sheibley v. Nelson*, 83 Neb. 501, 119 N.W. 1124 (1909); *Schmitt & Bro. Co. v. Mahoney*, 60 Neb. 20, 82 N.W. 99 (1900). It has also been held that when a party to appellate proceedings dies and the party's interest in the litigation passes to his or her heirs, the heirs are necessary parties to the proceedings. *Urlau v. Ruhe*, 63 Neb. 883, 89 N.W. 427 (1902).

■ In *Spradlin v. Myers*, 200 Neb. 559, 562, 264 N.W.2d 658, 660 (1978), the Supreme Court noted the general rule stated in 1 Am. Jur. 2d, *supra*, § 107: " 'As a general rule, actions in contract or in tort, and actions involving personal property, survive to or against the personal representative of a deceased party. . . .' "

In 1 C.J.S. *Abatement and Revival* § 158 at 219 (1985), it states:

> Although the action is one which ordinarily should be revived in the names of the personal representatives of

plaintiff after his decease, his heirs may, under some statutes, revive the suit or be made parties plaintiff where no one can be found who will administer on the estate, or where there is no administration and no necessity for any because all debts of the estate have been paid.

Under these authorities, Boerger's death at least caused the case to become dormant, but the case retained the possibility of revival pursuant to Neb. Rev. Stat. §§ 25-1405 to 25-1417 (Reissue 1995). Section 25-1414 provides that an action may not be revived after the expiration of 1 year, and § 25-1415 provides that if the action cannot be revived, it shall be stricken from the docket. In this case, the 1-year period is about to expire, but we must also consider the issue of whether Boerger's cause of action is one that may be revived.

Neb. Rev. Stat. § 25-322 (Reissue 1995) provides: "An action does not abate by the death or other disability of a party, or by the transfer of any interest therein during its pendency, if the cause of action survive or continue." Neb. Rev. Stat. § 25-1401 (Reissue 1995) provides:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person entitled or liable to the same.

Neb. Rev. Stat. § 25-1402 (Reissue 1995) states: "No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, or for a nuisance, which shall abate by the death of the defendant." The personal representatives of a deceased party cannot prosecute or defend a suit unless the cause of action on account of which it was brought is one that survives by law; if the cause of action is one which dies with the original party, the action abates and cannot be revived. 1 Am. Jur. 2d Abatement, Survival, and Revival § 110 (1994). We note that the judgment appealed by the State in the instant case is an order in the nature of an injunction. It applies only to Boerger and purports to protect only his property. Boerger was awarded no damages, and no costs were

ordered paid in the order. The order purports to litigate only strictly personal rights of Boerger. Since it relates only to conduct while in prison, it could not affect the rights of anyone who might succeed to ownership of Boerger's property which was affected by the decree.

■ This is an appeal from a case in equity. Neb. Rev. Stat. § 25-1925 (Reissue 1995) provides that appeals of suits in equity are tried de novo in the Nebraska Supreme Court and this court. The cases of the Supreme Court which consider the abatement of purely personal actions are mostly limited to divorce actions. In *Westphalen v. Westphalen*, 115 Neb. 217, 212 N.W. 429 (1927), the court cited the statute which is now designated as § 25-1925 and its requirement that upon appeal, equity cases are to be tried de novo in the appellate court. In light of that statute, the court referred to the trial court's judgment as an "interlocutory decree" that was not controlling.

■ In *Holmberg v. Holmberg*, 106 Neb. 717, 184 N.W. 134 (1921), the court cited and discussed survival statutes and then concluded that divorce proceedings after the death of one of the parties would be useless and of no avail, and therefore the action did not survive, even though a divorce action was not mentioned in §§ 25-1401 and 25-1402 as an action which abated or did not survive upon the death of a party. Further, in *Williams v. Williams*, 146 Neb. 383, 387, 19 N.W.2d 630, 632 (1945), the court stated, quoting *Holmberg, supra*:

> "The general rule in the United States is that a suit does not abate on the death of either party after a verdict or decision by the court, or of entering of an interlocutory judgment, when the cause of action survives. *But where the cause of action does not survive, the action abates as if the death had occurred before the verdict or interlocutory judgment or decision, unless saved by a statute. . . .*"

(Emphasis supplied.) The above quote utilizes the authority that "[If] the trial is in all respects de novo in the reviewing court, death during the pendency of the appeal has the same effect as death while the matter is pending in the nisi prius court." 4 Am. Jur. 2d *Appeal and Error* § 279 at 773 (1962). See, also, 1 C.J.S. *Abatement and Revival* § 119 (1985). The *Williams* court observed that the statutes purporting to prevent the abatement of

pending actions could not prevent an action in divorce from abating upon the death of one of the parties even if given a most liberal interpretation, because the death destroys the subject matter which is the basis of the action.

With the exception of divorce actions, there are limited situations where the value of a decedent's significant right is so personal that there is nothing to survive upon his or her death. See, *Jacobson v. Nemesio*, 204 Neb. 180, 281 N.W.2d 552 (1979) (surviving spouse's right to wearing apparel and certain other personal items of decedent was personal in nature and died with spouse); *In re Estate of Samson*, 142 Neb. 556, 7 N.W.2d 60 (1942) (right to widow's allowance abated and did not survive her death). See, generally, *Smith v. Long Island Jewish-Hillside*, 118 A.D.2d 553, 499 N.Y.S.2d 167 (1986) (cause of action based upon use of infant's picture without parental permission abated upon infant's death); *Eichner v. Dillon*, 73 A.D.2d 431, 426 N.Y.S.2d 517 (1980) (action for permission to discontinue life support system was personal and did not survive); *People v. Mintz*, 20 N.Y.2d 753, 229 N.E.2d 712, 283 N.Y.S.2d 120 (1967) (criminal case abates upon defendant's death while on appeal even if death occurs following conviction).

In *Pierce v. Board of Supervisors, Etc.*, 392 So. 2d 465 (1980), a tenured instructor brought suit for declaratory judgment and injunctive or mandatory relief against the state university concerning her tenure. The district court dismissed the suit, and the instructor appealed, but died before the appeal was heard. The university filed a motion to dismiss based on mootness. The Louisiana court held that the instructor's cause of action was purely personal and abated with her death. The court dismissed the appeal in spite of the personal representative's argument that a resolution of the case would affect similar issues raised by others in the future.

Further, in *State ex rel. Turner v. Buechele*, 236 N.W.2d 322 (Iowa 1975), the Iowa Supreme Court held that where a county supervisor appealed from a trial court decision that he should be removed from office and died after the appeal was filed, the right to hold office was so personal that the supervisor's death abated the appeal proceeding. The State argued that the case fell within the public interest exception; however, the court stated:

"[The] likelihood of recurrence is negligible . . . . The facts . . . present a situation which is most unique and novel." *Id.* at 324.

    The above-cited cases are analogous to the case at hand. Similarly, the instant case is most unique and novel. Boerger's claim was personal in nature and cannot be revived by statute. Any right he might have had to possess personal property while incarcerated was exclusive to him and could not possibly affect any successors to his property. Any proceedings to determine whether the Department of Correctional Services' destruction of Boerger's tapes would violate his Fifth Amendment rights would be useless. Further, in light of this court's de novo review of the cause, the district court's order is interlocutory and would not be controlling in other cases. Therefore, Boerger's cause of action did not survive his death, and the instant action abated upon his death as if he had died before the district court's order was entered.

    The State argues that the Department of Correctional Services needs a decision in this case to aid them in their future enforcement of its regulations cited above; however, the courts of this state do not render advisory opinions, but simply decide cases and controversies. *Gas 'N Shop v. State*, 234 Neb. 309, 451 N.W.2d 81 (1990); *Vrana Paving Co. v. City of Omaha*, 220 Neb. 269, 369 N.W.2d 613 (1985); *Ellis v. County of Scotts Bluff*, 210 Neb. 495, 315 N.W.2d 451 (1982). Accordingly, we can find no authority for deciding the issues the State seeks to have this court resolve under the doctrine of public interest because the reason and purpose of the action has ceased to exist. We must simply dismiss the case from the court's docket because it was abated by Boerger's death and cannot be revived.

APPEAL DISMISSED.